STATE ex rel. SANDRA LEE GRIMSTEAD by ROBERT A. ROESSEL, Guardian
ad Litem, Relator, v. HONORABLE FRED E. MUELLER, Judge of the
Circuit Court of the County of St. Louis, Juvenile Division, Re-
spondent, No. 42150—233 S. W. (2d) 700.

Court en Banc, November 13, 1950.

*Robert A. Roessel* and *Ruth Boxdorfer* for relator.

 

*E. Miltenberger Cain* for respondent.

*James E. Crowe,* City Counselor, and *Frank A. Neun,* Assistant City Counselor, for amicus curiae, Grace M. Gorman.

*Clarence M. Barksdale* for amicus curiae, Children's Aid Society of St. Louis.

94

*George E. Heneghan* for amicus curiae, Catholic Charities of St. Louis.

[700]   TIPTON, J.—This is an original proceeding in prohibition wherein the relator contends that the respondent does not have

jurisdiction to hear and determine an adoption proceeding now pending in the juvenile division of the circuit court of St. Louis County.

Respondent concedes that relator has correctly stated the facts in his brief. We will therefore adopt relator's statement of the facts.

''The facts are not in dispute, having been admitted by pleadings of the parties. On April 7, 1950, Edward E. Kricensky and Sabina F. Kricensky, his wife, filed their petition for the adoption of Sandra Lee Grimstead in the Juvenile Division of the Circuit Court of St. Louis County. Honorable Fred E. Mueller during all times herein mentioned was and at the present time is a duly elected, qualified and acting Judge of the Circuit Court of the County [701] of St. Louis, Missouri, and presides over the Juvenile Division thereof. The Petition for Adoption was in the usual form and alleged that said petitioners are residents of the County of St. Louis, Missouri; that Sandra Lee Grimstead is a female child of the age of twenty-seven months; that Della Mae Grimstead of the City of Rich Hill, Missouri, is the mother of said child; that said child was begotten and born out of lawful wedlock; and that the identity of the father of said child is unknown. Said petition further stated that on February 3, 1948, the Juvenile Division of the Circuit Court of Bates County, Missouri, entered its finding, order and decree that the said Sandra Lee Grimstead was a neglected and abandoned child within the meaning of the law of the State of Missouri pertaining to this matter and ordered that the custody of said child be transferred to the Missouri Department of Public Health and Welfare. Thereafter, on May 9, 1949, said Court found that Della Mae Grimstead had abandoned said child and had contributed nothing toward her support for more than one year, and ordered that said child be placed for adoption by the said Division of Welfare. On July 11, 1949, the child was placed in the home of Mr. and Mrs. Kricensky in St. Louis County for care by them, and the right to supervise the care of said child and the right to resume custody thereof was retained by the said Division of Welfare. The child has been in the (lawful and actual) custody of Mr. and Mrs. Kricensky in St. Louis County continuously since July 11, 1949. The aforesaid Petition for Adoption further alleged that the mother of the child, for a period of more than one year immediately prior to the date of the filing of the Petition for Adoption, wilfully abandoned said child and wilfully neglected to provide said child with proper care and maintenance. It was further alleged that the said Missouri Department of Public Health and Welfare had filed its consent to the adoption of Sandra Lee Grimstead by Mr. and Mrs. Kricensky. A copy of the said Petition for Adoption and Summons was duly served on Della Mae Grimstead.''

It is relator's contention that because the juvenile division of the circuit court of Bates County on May 9, 1949, found the infant child, Sandra Lee Grimstead, to be a neglected and abandoned child, that that court has exclusive jurisdiction over the person of that child until she attains her majority. The relator seeks to sustain his position mainly upon Section 9673, R. S. Mo., 1939. The pertinent part of this section reads as follows:

"This article shall apply to children under the age of seventeen (17) years, not now or hereafter inmates of any state institution or any institution incorporated under the laws of the state for the care and correction of delinquent children: *Provided,* that when jurisdiction has been acquired under the provisions hereof over the person of a child, *such jurisdiction shall continue, for the purpose of this article,* until the child shall have attained its majority; * * *." (Italics ours.)

Chapter 56 of R. S. Mo., 1939, is composed of eleven articles, and Section 9673, supra, is found in Article 9 of that chapter. The plain language of this section deals only with the subject matter of Article 9. This is so because this section says, *"Provided,* that when jurisdiction has been acquired under the provisions hereof over the person of a child, such jurisdiction shall continue, for the purpose of this article, * * *." This article deals only with a "neglected child" and a "delinquent child." Article 1 of Chapter 56, as amended by the Laws of Missouri, 1947, pages 213-219 inclusive, deals with the adoption of children. If the legislature had provided that such "jurisdiction shall continue, for the purpose of this *chapter,"* then of course the jurisdiction of the child in question in an adoption proceeding would have been in the juvenile division of the circuit court of Bates County. But Section 9673, supra, refers to "this article" which, as we have just stated, deals only with neglected and delinquent children.

Section 9608 of Article 1 of Chapter 56, found at page 214 of the Laws of 1947 provides:

[702] "Any person desiring to adopt another person as his child may petition the Juvenile Division of the Circuit Court of the County in which the person seeking to adopt resides, or in which the person sought to be adopted may be, for permission to adopt such person as his child.

"If the petitioner has a spouse living and competent to join in the petition, such spouse may join therein, and in such case the adoption shall be by them jointly, provided, however, that if such a spouse does not join the petition the Court in its discretion may, after a hearing, order such joinder, and if such order is not complied with may dismiss the petition."

This section provides that the juvenile division of the circuit court of the county in which the person resides who seeks to adopt

a child has jurisdiction of an adoption proceeding, and it also provides that that court in which the adoptee may be has jurisdiction in adoption proceedings. The facts in this case are that the petitioners are residents of the county in which the respondent is juvenile judge. This fact alone would give the respondent jurisdiction of the adoption proceeding in question. He would also have jurisdiction because the child sought to be adopted was in St. Louis County at the time of filing the adoption petition. So under these facts this child would come within the phrase, ''or in which the person sought to be adopted may be.''

The identical question was recently decided by the Springfield Court of Appeals in the case styled Sypolt's Adoption, 230 S. W. 2d 877. The child involved in that case had been adjudged to be a neglected child by the juvenile court of Franklin County and was placed temporarily with the petitioners who lived in Greene County. These petitioners filed their petition in the juvenile court of the latter county. The trial court quashed the petition for adoption for the reason that the Franklin County juvenile court had exclusive jurisdiction of the adoption proceeding of that child. But the Springfield Court of Appeals held the juvenile division of the circuit court of Greene County was in error in quashing the petition for adoption and reversed the trial court.

Relator relies upon the case of State ex rel. Dew v. Trimble, 306 Mo. 657, 269 S. W. 617, l.c. 621, to sustain his contention but there is nothing in that case that lends any such support to relator's contention. On the contrary, it supports the ruling we have just made. In that case we said: ''* * * when the juvenile court has in a given case assumed jurisdiction with respect to any such child, its jurisdiction supersedes that of any and all other courts *touching the same subject-matter*.'' (Italics ours.) The ''same subject-matter'' in that case was the neglected child.

The ''same subject-matter'' before the Bates County Court in the case at bar was the neglected child, while the ''subject-matter'' before the respondent is the adoption of the child.

.It follows from what we have said that the preliminary rule in prohibition heretofore issued should be discharged. It is so ordered. All concur.