In Re: Adoption of JOHN McCORD SYPOLT, alias MACKEY SEGAL, alias JOHN HORNER, a minor,

JOHN J. DUCKER and NAOMI E. DUCKER, Appellants, v. JOHN E. BROOKS and IDA BROOKS, Gerald, Missouri, HELEN HUNDHAUSEN, Director, State Welfare Office, Union, Missouri, JUDGE R. H. SCHAPER, Magistrate, Union, Franklin County, Missouri, Respondents, No. 42149—237 S. W. (2d) 193.

Division One, March 12, 1951.

*Parker F. Moon* and *Fred A. Moon* for petitioners-appellants.

*Joseph T. Tate* and *Haymes & Dickey* for respondents.

[194] ASCHEMEYER, C.—This proceeding originated in the Juvenile Division of the Circuit Court of Greene County, Missouri, by the filing of two petitions by John J. Ducker and his wife, one being a petition to transfer the custody of John McCord Sypolt to said petitioners and the other being a petition to adopt said minor child. Writs of summons were directed to and served upon John Brooks and Ida Brooks, his wife, of Franklin County, Missouri, Helen Hundhausen, Director for Franklin County of the State Division of Welfare, and R. H. Schaper, Magistrate of Franklin County, all of whom are respondents upon this appeal. Respondents filed a

motion to quash the petitions which was sustained by the trial court and said petitions were dismissed. Petitioners (appellants) took an appeal to the Springfield Court of Appeals which held that the trial court was in error in quashing or dismissing the petitions. In re Sypolt's Adoption (Mo. App.), 230 S. W. 2d 877. Subsequently the Springfield Court of Appeals sustained respondents' motion to transfer the case to this Court, and the case was, accordingly, ordered transferred. We will determine the case in the same manner as if it had come to this Court upon an original appeal. Constitution of Missouri, Art. V, Sec. 10; Supreme Court Rule 2.06; Jacobs v. Transcontinental & Western Air, 358 Mo. 674, 216 S. W. 2d 523.

The allegations of the adoption petition are summarized in the opinion of the Springfield Court of Appeals and need not be repeated here. In re Sypolt's Adoption, supra, l. c. 878. In both the petition to adopt and the petition to transfer the custody of the child to appellants, it is alleged that appellants are residents of Greene County, Missouri. The petition to transfer custody contains these allegations:

"2. That said minor child, John McCord Sypolt, alias Mackey Segal, alias John Horner, was found to be a neglected child on August 30, 1948, by the Magistrate Court, Juvenile Division, Franklin County, Missouri, and that said child was made a ward of said Court and placed with the State Division of Welfare, Franklin County, Missouri, for their attention and supervision and that said welfare office was ordered to place said child with John Brooks and Ida Brooks, his wife, of Gerald, Missouri, to care and provide for said child; that on October 29, 1948, the Magistrate Court, Juvenile Division, Franklin County, Missouri, at a subsequent hearing further ordered that the previous order of August 30, 1948, remain in full force and effect and that the custody and control continue in John Brooks and Ida Brooks under the supervision of the Franklin County Welfare Office; that on February 4, 1949, at a subsequent hearing the previous order of said court was to remain in full force and effect; and that said child is now in the temporary custody and control of John Brooks and Ida Brooks of Gerald, Missouri, under the supervision and attention of the State Division of Welfare, Franklin County, Missouri.

"3. WHEREFORE, your petitioners pray that this Honorable Court transfer the custody of John McCord Sypolt from John Brooks and Ida Brooks, his wife, of Gerald, Missouri, the State Division of Welfare, Franklin County, Missouri, and the mother of said child, Evelyn Sypolt Boston, to John J. Ducker and Naomi E. Ducker."

The petition to adopt contains similar allegations so that each petition shows upon its face that appellants do not have the legal or

actual custody of the child and that the child is in the custody of others in Franklin County, Missouri.

█ The motion to quash was evidently intended to be directed to both petitions, and we construe the order of the trial court sustaining such motion and dismissing the petition for adoption to be applicable also to the petition to transfer custody of the child. The motion to quash challenged the jurisdiction of the Juvenile Court of Greene County "over the person of said minor" and charged "that there is no provision in the law for the removal of jurisdiction from said Magistrate Court, Juvenile Division, [195] (of Franklin County) to the Circuit Court of Green County, Juvenile Division, Missouri, without the consent of the said Magistrate Court.

"WHEREFORE it is respectfully prayed that the Court quash the petition in the above entitled cause of action and that it be held for naught by reason of lack of jurisdiction." (Insert ours.) The question of lack of jurisdiction over the person or subject matter may be raised by motion. Sec. 509.290, R. S. 1949.

█ The written consent of the child's mother to his adoption by appellants was filed with the petition of adoption. Appellants argue in their brief that the Juvenile Court of Greene County has jurisdiction to act upon the petition of adoption without the consent of anyone except the child's mother and that "consent of neither the Magistrate Court of Franklin County, the State Welfare Agency, nor of John E. Brooks and Ida Brooks, was a condition precedent to the vesting of jurisdiction of the adoption proceedings in the Circuit Court of Greene County" citing what is now Sec. 453.060, R. S. 1949.

The Springfield Court of Appeals held that there was nothing in Secs. 9608, 9609 or 9610, Laws 1947, Vol. II, p. 213 ff. (now Secs. 453.010, 453.040 and 453.060) "requiring the consent of the Juvenile Division of the Circuit Court of Franklin County, the Magistrate thereof, or of any of the other respondents named in the petition, before the Circuit Court of Greene County could act." In re Sypolt's Adoption, supra, l. c. 879, 880.

We assume that the proceeding brought in the Magistrate Court of Franklin County whereby said child was adjudged to be neglected, made a ward of that court, and ordered placed in the home of John E. Brooks and his wife, under the supervision of the State Division of Welfare for Franklin County, was conducted under the provisions of Secs. 9701-9704, R. S. 1939 (now Secs. 211.360-211.390). Upon our view of this case, we do not consider that it is necessary for us to examine the validity or propriety of that proceeding. In our opinion, the question presented by the motion to quash was whether the Juvenile Court of Greene County had jurisdiction to act upon the petition to transfer custody of the child to appellants, or more ac-

curately whether venue of the petition to transfer custody was in such court. (See 12 Mo. Law Review, 310—"Adoption of Children.")

This requires a consideration of the provisions of Sec. 453.110 in its relation to other provisions of the adoption statutes enacted by the Legislature in 1947. (Laws 1947, Vol. II, p. 213—Chapter. 453, R. S. 1949.) It has been held that the adoption statutes constitute a complete code and that the various sections thereof should be construed together. Rochford v. Bailey, 322 Mo. 1155, 17 S. W. 2d 941, 944; In re McFarland, 223 Mo. App. 826, 12 S. W. 2d 523, 525; In re Adoption of Siler (Mo. App.), 225 S. W. 2d 379, 381.

Sec. 453.010 provides that a petition for adoption may be filed in the Juvenile Court "of the county in which the person seeking to adopt resides, or in which the person sought to be adopted *may be, * * *.*" (Italics supplied.) Sec. 453.070 provides that no decree for adoption shall be entered "nor shall transfer of custody of such a child to the petitioner * * * in such adoption petition be ordered by the juvenile court having jurisdiction," until after a full investigation of the child and of the petitioners has been made. Sec. 453.080 provides that a decree of adoption shall not be entered unless "the person sought to be adopted, if a minor, has been in the *lawful and actual custody* of the petitioner * * * for a period of at least nine months prior to entry of the adoption decree, * * *.*" (Italics supplied.)

Sec. 453.110 prohibits the transfer of custody or the acceptance of the custody of a child by any person, agency, or organization without first having filed a petition before the Juvenile Court "of the county where the child *may be, * * *.*" (Italics supplied.) The language of this section fixing the venue of a petition for the transfer of the custody of a minor child is clear and unambiguous, and we have no [196] right to read into it an intent which is not indicated by the phraseology employed. State ex rel. Jacobsmeyer v. Thatcher, 338 Mo. 622, 92 S. W. 2d 640; St. Louis Amusement Co. v. St. Louis County, 347 Mo. 456, 147 S. W. 2d 667; State ex inf. Rice v. Hawk, 360 Mo. 490, 228 S. W. 2d 785, 789. The county where the child "may be" undoubtedly means the county where the child is resident at the time. In re Duren, 355 Mo. 1222, 200 S. W. 2d 343.

The petitions filed by appellants in the Juvenile Court of Greene County show that they do not have legal or actual custody of the child and that such child resides in Franklin County. They asked the Juvenile Court of Greene County to transfer custody of the child to them. Clearly, the Juvenile Court of Greene County had no power to entertain such a petition and the sole power to enter such an order was vested in the Juvenile Court of Franklin County so long as the child resided in that County. It would be futile for appellants to pursue their petition for adoption in Greene County so long as the

child continued to be in Franklin County and they did not have lawful custody of him. A final decree of adoption could not be entered until they had "lawful and actual" custody of the child for a period of at least nine months.

The appellants are not without remedy. They may file their petition for adoption in the Juvenile Court of Franklin County, where the child now is, and that court, in the exercise of its discretion, may properly enter an order transferring custody of the child to them. If they prefer to have the decree of adoption entered by the Juvenile Court of Greene County, where appellants reside, they may first petition the Juvenile Court of Franklin County for an order transferring custody of the child to them, and having thus obtained custody of the child, file their petition for adoption in the Juvenile Court of Greene County. Compare: State ex rel. Grimstead v. Mueller, 361 Mo. 92, 233 S. W. 2d 700.

The action of the trial court in sustaining the motion to quash and in dismissing the petitions was proper, and it is hereby affirmed. *Van Osdol* and *Lozier, CC.,* concur.

PER CURIAM:—The foregoing opinion by ASCHEMEYER, C., is adopted as the opinion of the court. All the judges concur.