STATE of Missouri ex rel. CATHOLIC
CHARITIES OF ST. LOUIS, a Missouri corporation, Relator,

v.

Honorable Robert G. J. HOESTER, Judge of
the Juvenile Court of St. Louis
County, Respondent.

No. 58144.

Supreme Court of Missouri,
En Banc.

April 11, 1973.

George E. Heneghan, and Raymond F. McNally, Jr., St. Louis, for relator.

Donald L. Wolff, Clayton, for respondent.

Harold E. Scheppner, Jr., Clayton, guardian ad litem.

SEILER, Judge.

This original proceeding in prohibition was transferred from the court of appeals, St. Louis district, by our order on the application of relator, after an opinion by the court of appeals quashing its provisional writ. Jurisdiction being in this court by virtue of transfer, we decide the case as though it were here originally, Art. V, Sec. 10, Mo.Const., V.A.M.S.

The case was transferred because it, along with another original action in prohibition, State ex rel. Dzurian v. Hoester, 494 S.W.2d 67 (Mo.) handed down concurrently, involved important and unresolved questions of jurisdiction in adoption cases, the determination of which is of general interest and consequence throughout the state.

We likewise conclude the provisional writ should be quashed and acknowledge our indebtedness to Weier, J., the author of the majority opinion in the court of appeals, for much of the following.

Relator, a charitable and religious pro forma corporation, sought to prohibit respondent judge from proceeding further in an adoption case because of lack of jurisdiction. The return of the respondent admits all of the essential facts alleged in the petition and relator contends in its motion it is thereby entitled to judgment. We, therefore, review the facts alleged in the petition and admitted in the return.

R. K. J., the child who is the subject of the adoption proceeding, was born out of wedlock on December 30, 1965. Shortly thereafter the child's mother petitioned the juvenile court of the city of St. Louis to transfer custody of the child to relator, among whose purposes is the care and placement of minor children, both for care and adoption. The court order, dated March 11, 1966, transferred custody of the child from the mother to relator for adoption and approved the waiver of consent executed by the mother. Even prior to the date of this order the actual custody of the child had been placed in the home of a married couple for foster care. This couple, hereinafter referred to by their initials, L. and A. W., had previously executed an agreement with relator wherein the agency agreed to make monthly payments for board of the child. The agency reserved the right to make other plans for the child, and L. and A. W. acknowledged the child was accepted by them for boarding care but that it was not available for adoption.

The years passed. Then on December 14, 1971, just before the sixth birthday of the child, L. and A. W. filed their petition for transfer of custody and adoption in the circuit court of St. Louis county, the county of their residence and the place where they had cared for the child. Relator filed objections based upon previous acquisition of jurisdiction by the St. Louis city juvenile court and moved the dismissal of the adoption petition. Thereafter, the judge of the St. Louis County juvenile court ordered temporary custody of the child in L. and A. W., determined he had jurisdiction, and overruled the motion to dismiss. Relator thereupon proceeded in prohibition.

Relator first contends that the St. Louis city juvenile court, once having acquired jurisdiction, thereby retained exclusive jurisdiction over the child and the St. Louis county juvenile court had no power to interfere and should be prohibited from so doing. It is generally true, as contended by relator, that where a court has once acquired jurisdiction in a case, either in personam or in rem, other courts may and should be prohibited from exercising any jurisdiction over the case. The court where the proceeding is first begun and where jurisdiction over the parties and the subject matter is first acquired retains exclusive jurisdiction. In such a case prohibition is the proper remedy to prevent encroachment or interference by a court of

coordinate jurisdiction with the power and authority vested in another. State ex rel. Buchanan v. Jensen, 379 S.W.2d 529, 531 (Mo. banc 1964); State ex rel. Standefer v. England, 328 S.W.2d 732, 735 (Mo.App. 1959).

■ This is a case of adoption, however, and in such cases, when the court once acquires jurisdiction, as it did here with both petitioners and the child residing in St. Louis county, Sec. 453.010, RSMo 1969, V.A.M.S., it has exclusive jurisdiction over the child and its adoption, and the juvenile court of St. Louis city is without power to transfer custody during the pendency of the adoption proceeding, State ex rel. Grimstead v. Mueller, 361 Mo. 92, 233 S.W.2d 700 (banc 1950). See also In re Adoption of K., 417 S.W.2d 702, 707 (Mo.App.1967); State ex rel. Dzurian v. Hoester, supra.

Relator further contends that res judicata applies to the facts at bar so as to give the St. Louis city juvenile court exclusive jurisdiction, citing Norwood v. Norwood, 353 Mo. 548, 183 S.W.2d 118, 122 (1944) wherein the court said:

"Generally, in order to have estoppel by a former judgment (res adjudicata) there must be (1) Identity of the thing sued for; (2) identity of the cause of action; (3) identity of the persons and parties to the action; and (4) identity of the quality of the person for or against whom the claim is made . . ."

■ It is true the city court upon approving waiver of the necessity of consent by the natural mother to a future adoption did adjudicate custody in the sense of turning the child over to the agency for adoption, but this was not adoption. The proceeding in St. Louis county was a direct proceeding for the child's adoption and even though there was a count in the petition seeking to have custody placed in petitioner, this was incidental to the adoption proceeding. Neither the judgment in the juvenile court of the county nor the judg-

ment of the juvenile court of the city could act as a bar to the other since each was a proper order as to legal custody of a child, pronounced by the respective court when each had jurisdiction over the child. Custody is not a permanent status but may be changed by a court of competent jurisdiction when dictated by the needs of the child. The welfare of the child is the primary concern of the court, whether the court be in St. Louis county or the city of St. Louis. In re Shepler, 372 S.W.2d 87, 90 (Mo. banc 1963). When a child is properly before any court for any purpose and its welfare is involved, it becomes a ward of that court with respect to the issues of that case and that court has inherent jurisdiction to adjudicate custody as it deems will best preserve and protect the child's welfare. This is the public policy of the state. State ex rel. Stone v. Ferriss, 369 S.W.2d 244, 249 (Mo. banc 1963). It is obvious that in the various cases which involve children, seeming conflicts may arise between courts when child custody in one case is changed from that adjudicated in another. But if a court has acquired jurisdiction over a child in a proper proceeding, then it has the power incidental to its jurisdiction to award custody as the welfare of the child dictates. Thus, in State ex rel. Dubinsky v. Weinstein, 413 S.W.2d 178 (Mo. banc 1967), where the juvenile court obtains jurisdiction over a child under the provisions of Chapter 211, RSMo 1969, V.A.M.S., its jurisdiction was determined to be paramount over a divorce court which had previously adjudicated custody and would normally have continuing jurisdiction over the child. Just as in State ex rel. Grimstead v. Mueller, supra, the court in Dubinsky determined that the statutory law governed and that a fair interpretation of Chapter 211, supra, gave the juvenile court preeminent jurisdiction as to custody of a child alleged to be neglected or delinquent.

Relator relies upon State ex rel. Dorsey v. Kelly, 327 S.W.2d 160, 165 (Mo. banc 1959), to support its assertion that the or-

der of the St. Louis city juvenile court placing the child in relator's custody for adoption was permanent in nature. We do not read this case as so holding. Rather, it held that Sec. 453.080, RSMo 1969, V.A. M.S., which requires "lawful and actual custody" of a minor for nine months prior to entry of an adoption decree includes custody in the adoption petitioners by reason of placement of the child with them by the agency for adoption.

■ Here the custody awarded by the juvenile court of the city of St. Louis did not establish a permanent status of the child, as to which the defense of res judicata could be raised. Custody of a minor child is a matter which may be the subject of continued investigation and revised determination as the child grows and its environment and relationship with others change. Courts having proper jurisdiction must not be barred from further change as to custody, since that would not be in the best interest of children. The doctrine of res judicata does not apply in cases concerning custody of minors where the best interests of children are involved. Price v. Price, 311 S.W.2d 341, 349 (Mo. App.1958). Not only does the instant case fail to fulfill the requirements of Norwood, supra, as to identity of the thing sued for and identity of cause of action, but it also would be contrary to public policy to apply the doctrine here.

■ The fear expressed by relator that the crossing of a county line by a minor would subject the child to a new juvenile court proceeding for a change of custody if the incidents of exclusive jurisdiction and res judicata do not adhere to a prior order of custody is not well founded. In the first place (while we do not have the question before us), it seems doubtful that merely passing through a county would confer jurisdiction in transitu, In re Smith, 314 S.W.2d 464 (Mo.App.1968). In the second place, we will not presume that the juvenile court of one county will have any less concern for the welfare of the minor than would the juvenile court of another county. The requirements of the adoption laws of this state will be followed in one just as they would in the other. The claims of contending parties must, and will be, subordinated to what the court may conclude will be for the best interests of the child. Ex parte de Castro, 238 Mo. App. 1011, 190 S.W.2d 949, 951 (1945).

We agree with the conclusion of the court of appeals that the provisional writ should be quashed, and it is so ordered.

FINCH, C. J., and DONNELLY and HOLMAN, JJ., concur.

MORGAN, J., dissents in separate dissenting opinion filed.

BARDGETT and HENLEY, JJ., dissent and concur in separate dissenting opinion of MORGAN, J.

MORGAN, Judge (dissenting).

I respectfully dissent for two basic reasons: (1) The result reached in the principal opinion condones interference by one court in a proceeding then pending before another court of concurrent jurisdiction, reference the same subject-matter, which can only be disruptive of an orderly judicial process and result in the rather chaotic situation presented in the instant case; and (2) Such a result is not compelled by the existing law.

As suggested by Brady, J., in his dissenting opinion filed in the Court of Appeals: ". . . I agree with relator that the majority opinion would allow the mere crossing of a county line by a minor to subject him to a possible new proceeding for a change of custody. The issue is not whether the court in the other county will have any less concern for the minor's welfare. I agree the court's concern will be presumed equal. The real issue is whether the minor is going to be made a helpless pawn when two or more courts of equal jurisdictional authority, both being con-

cerned in the same degree for the welfare of the minor, reach opposite conclusions."

The principal opinion is bottomed on the assertion that the subject-matter before the Juvenile Court of the city was not the same as the subject-matter before the Juvenile Court of the county. I believe this to be a false premise; and, if such is true, State ex rel. Grimstead v. Mueller, 361 Mo. 92, 233 S.W.2d 700, 702 (banc 1950), relied on in the principal opinion, calls for relator to prevail. The city court, after terminating the parental rights of the mother, could not and did not abandon the minor. § 211.031(1)(b), RSMo 1969, V.A.M.S. It retained jurisdiction of the then homeless child. § 211.041, RSMo 1969, V.A.M.S. For what purpose? As the record reflects, for the purpose of finding adoptive parents. In this task, the city court had the assistance of the recognized experience of relator. The court's order, in part, provided: ". . . it is ordered, adjudged and decreed by the court that the legal custody of said R.K.J., a minor child, be and the same is hereby transferred from said B.J. to said Catholic Charities of St. Louis for the purpose of *adoption* . . ." (Emphasis added.) After the contemplated selection of a prospective adoptive home by relator, acting under the supervision of the city court, the law would require a nine month waiting period of "legal" custody by such prospective adoptive parents. During this period, the continuing subject-matter of this cause was solely that of the adoptive process; and, I can not agree with the rationale followed in the principal opinion that adoption (as the subject-matter) first came into being when the petition was filed in the county.

I also agree with relator that: "If [the principal opinion] stands as a part of the laws of Missouri pertaining to adoptions and custody of minor children, any agency such as relator will be constrained to place its children within the jurisdictional limits of the particular juvenile court which has decreed it to have custody." To me, such is not an idle threat but an admitted fact

of life, and there is no logical reason to so limit the quest for suitable adoptive parents by relator or the many other agencies and governmental welfare offices working in the same area.

Having more than one court (of concurrent jurisdictions) dealing with the same subject-matter, i. e., an adoptive home for this minor, is not only undesirable but violative of the well established principle prohibiting the same.