DANIEL E. SCOTT, J.-OPINION AUTHOR
Mother appeals a modification of child-visitation provisions.[1] We rarely grant relief to a party who leads a trial court one direction, then complains after judgment that the court ruled that way and not differently, which is what we see here:
• Before the hearing, the parties announced that they had agreed on a parenting plan and would provide it to the court.
• Before judgment was entered, Mother notified the court of one concern on visitation and proposed slightly tweaking one clause of the proposed parenting plan to address it.
• After judgment, Mother raised a different complaint-that the visitation provisions violated statutory requirements that Mother knew of all along and that Mother's own proposal would have equally violated-and Mother persists in that claim as her sole point on appeal.
We recognize, at least theoretically, several issues and concerns expressed by the dissent. But we will not fault the trial court for visitation terms that, as to Mother's sole point here, cannot be distinguished from what she asked the court to do. Mother invited any error that she now claims, so we deny her point and affirm the judgment.
Background
The parties' marriage was dissolved in 2007. As modified five years later, the judgment provided for joint physical custody of the children, with Mother's address designated for educational and mailing purposes, and included lengthy provisions *336 detailing Father's visitation and parenting time as contemplated by RSMo §§ 452.375.9 and 452.310.8.[2]
Father sought further modification in 2014, alleging that the children were doing poorly in school and wanted to live with him. In response, Mother proposed a parenting plan that, again, included nearly two pages of provisions detailing visitation and parenting time consistent with §§ 452.375.9 and 452.310.8.
By the time Father's motion was heard in October 2016, all four of the parties' children, who then ranged in age from 12 to 18, resided with Father with Mother's approval. At the beginning of the hearing, Mother's counsel announced that the parties had settled and agreed upon modified custody and parenting-plan terms:
[MOTHER'S ATTORNEY]: Your Honor, we have agreed that the children-that there should be a modification of custody in terms of the fact the children have, one by one, all expressed a desire to live with the father rather than mother, and at various dates they have gone to live with him. But we have agreed that the judgment-previous judgment can be modified so that the father has sole custody of the unemancipated minor children.
THE COURT: Okay. So we've had joint prior, and so now we're going sole physical and legal? Or what are we doing?
[MOTHER'S ATTORNEY]: Right. We had joint legal and physical before, and now the children are going to go stay with the father.
THE COURT: Okay. But it won't be joint then.
[MOTHER'S ATTORNEY]: It won't be joint.
THE COURT: It will be just sole?
[MOTHER'S ATTORNEY]: Correct.
[FATHER'S ATTORNEY]: And that's at mother's request, yes.
THE COURT: All right. All right. Just so I'm clear in regard to that. So that is going to be stipulated by the parties, I'm assuming, then?
[MOTHER'S ATTORNEY]: Yes.
* * *
THE COURT: And I'm assuming that proposed judgment had a parenting plan.
[FATHER'S ATTORNEY]: It does.
THE COURT: All right. And [ ] that's the parenting plan that you all are agreeing upon?
[MOTHER'S ATTORNEY]: Yes.
*337 THE COURT: And someone's going to give me a copy of that at some point?
[MOTHER'S ATTORNEY]: Yes.
THE COURT: All right. That would be great.
The hearing proceeded on issues other than the agreed parenting plan, after which the court made a docket entry that "Parties Reach Settlement and Agreement Entered on Record. [Father's attorney] to Prepare Judgment."
Father's counsel sent the judgment form to Mother's counsel, waited months for a response but got none, then submitted it to the court, again copying Mother's counsel. In reply, Mother's counsel advised the court that he had been waiting to see how visitation went through the holidays. Alleging that the children skipped the Thanksgiving visit with Mother and spent only 12 hours with her during Christmas, Mother proposed slightly amending the holiday-visitation provision to read (proposed addition in our italics): "Due to the ages of the children, the holiday schedule shall be at their discretion and as coordinated by the child and the other parent, provided however, that the children shall spend a minimum period of 24 hours with mother during the period of each scheduled holiday visitation. " Voicing no other objection or concern, Mother's proposed provisions for her visiting and parenting time then were as follows:
3. PARENTING TIME: Children, whenever possible and appropriate, need to have frequent, continuing and meaningful contact with both parents. ( Section 452.340.7 RSMo )
Due to ages of the children, visitation shall be at their discretion and as coordinated by the child and the parent.
* * *
6. HOLIDAY SCHEDULE: The holiday schedule allows each parent to share holidays and other special days with their children.
Due to ages of the children, the holiday schedule shall be at their discretion and as coordinated by the child and the parent ["provided however, that the children shall spend a minimum period of 24 hours with mother during the period of each scheduled holiday visitation "].
7. VACATION SCHEDULE: The vacation schedule allows each parent to share vacation time with their children. Each parent may have parenting time with the children during the following vacation periods:
Due to the ages of the children, the vacation schedule shall be at their discretion and as coordinated by the child and the other parent.
The court entered the proposed judgment without adding Mother's suggested further clause. She then moved to amend the judgment, complaining for the first time that its visitation terms were less specific than §§ 452.375.9 and 452.310.8 require. Her motion was overruled by operation of Rule 78.06.
Discussion
On appeal, Mother complains that the court entered a judgment that did not meet § 452.310.8's specificity dictates, and seeks remand for "the trial court to enter a judgment with the statutorily mandated provisions for visitation."
We agree that the above-quoted provisions lack § 452.310.8's specificity, even with Mother's proposed addition, and we share the dissent's concern about visitation frequency and duration being left to the discretion of teenage children (and in one case, a pre-teen). Yet Mother could have foreseen those issues, and plainly did see them when she asked the court to only slightly tweak one of those three provisions before entering the judgment. She *338 raised no other pre-judgment complaint about the parenting plan, statutory or otherwise, and even now does not challenge the court's finding that said plan "is in the best interest of the minor children."[3] Rather, Mother makes only a statutory complaint inconsistent with her own pre-judgment proposal to the court.
"[T]his Court is disinclined to grant [Mother] relief based on error she actively invited." Bowers v. Bowers , 543 S.W.3d 608, 615 (Mo. banc 2018). "A party cannot complain on appeal about an alleged error in which that party joined or acquiesced at trial." Id. (internal citations and quotation marks omitted). While we do not endorse these visitation provisions, we decline to entertain Mother's objections given her representations to the trial court. Id. ; Hagan v. Hagan , 530 S.W.3d 608, 610 (Mo.App. 2017) ; Marriage of Foster , 391 S.W.3d 500, 50304 (Mo.App. 2013). Point denied. Judgment affirmed.
NANCY STEFFEN RAHMEYER, P.J./C.J.-DISSENTS IN SEPARATE OPINION
WILLIAM W. FRANCIS, JR., J.-CONCURS
I must respectfully dissent. The primary job of the trial court in a dissolution involving minor children is determining custody in the best interests of the children. We have said it repeatedly, as has the legislature. Section 452.375.9[1] specifically states the custody plan "approved and ordered by the court shall be in the court's discretion and shall be in the best interest of the child." The legislature repeatedly mandates parenting plans that set out the specifics of custody plans and how to determine custody arrangements, all for the best interests of children. There is no provision in the statute that allows the parents to circumvent the trial court's tremendous discretion and judgment.
Despite that, the trial court here approved a supposed stipulation with no evidence presented at a hearing and seemingly no knowledge of what was in the stipulation until it was presented in writing after the hearing. There was no evidence to support a finding that a parenting plan allowing visitation to be at the children's discretion was in the children's best interests. In this matter, a vague agreement about visitation was announced to the trial court. The issue in this case is simple: Was it error to approve a parenting plan which stated, "visitation shall be at [the children's] discretion and as coordinated by the children and the other parent," for children who were twelve and fifteen years old at the time of the hearing without any evidence supporting such a parenting plan? I believe it was clear error as mandated by the statute and prior cases.
It is a given that the court, not the parties, determines what custody arrangement is in the best interest of the children. Marriage of Hendrix , 183 S.W.3d 582, 591 (Mo. banc 2006). In a dissolution or modification case, the court is not bound by the terms of an agreement between the parties with regard to custody, support, or visitation of children. Blackburn v. Mackey , 131 S.W.3d 392, 399 (Mo.App. W.D. 2004). In any proceeding, minors are to be considered wards of the court and their rights are to be protected as provided by statute. Barr v. Barr , 987 S.W.2d 471, 473 (Mo.App. S.D. 1999). Further, the public policy of Missouri is:
*339 "When a child is properly before any court for any purpose and its welfare is involved, it becomes a ward of that court with respect to the issues of that case and that court has inherent [authority] to adjudicate custody as it deems will best preserve and protect the child's welfare."
Vangundy v. Vangundy , 937 S.W.2d 228, 231 (Mo.App. W.D. 1996) (quoting State ex rel. Catholic Charities of St. Louis v. Hoester , 494 S.W.2d 70, 73 (Mo. banc 1973) ). The parties may stipulate to changed circumstances which justify a modification; however, neither said admissions nor pleadings can constrain the court's responsibility to determine that a change in custody or visitation is in the best interest of the children. Id. at 231-32. The decision regarding best interest must be made with evidence, as set forth in Moyers v. Lindenbusch , 530 S.W.3d 646, 652 (Mo.App. W.D. 2017) :
In evaluating the child's best interests, the court must consider all relevant factors and issue written findings of fact and conclusions of law. § 452.375.2. Factors relevant to the evaluation include, but are not limited to, the following:
(1) The wishes of the child's parents as to custody and the proposed parenting plan submitted by both parties;
(2) The needs of the child for a frequent, continuing and meaningful relationship with both parents and the ability and willingness of parents to actively perform their functions as mother and father for the needs of the child;
(3) The interaction and interrelationship of the child with parents, siblings, and any other person who may significantly affect the child's best interests;
(4) Which parent is more likely to allow the child frequent, continuing and meaningful contact with the other parent;
(5) The child's adjustment to the child's home, school, and community;
(6) The mental and physical health of all individuals involved, including any history of abuse of any individuals involved;
(7) The intention of either parent to relocate the principal residence of the child; and
(8) The wishes of a child as to the child's custodian.
Although I agree that the attorneys may have invited error, which we all agree was error, the trial court cannot entirely escape its responsibility to determine whether this proposed parenting plan was in the best interests of the children. In this case, the trial court was advised before the judgment was entered just what the deficiencies were in the plan (that no holidays, per section 452.310, were in the plan). More importantly, the weakness of the decision to put a pre-teen in charge of whether to visit with Mother was evident almost immediately. Father hid behind the lack of visitation on Thanksgiving by saying the twelve-year-old child did not want to visit. Although it is troubling that Mother has no remedy, I write my dissent because I object to a child being placed in a position of alienating one or the other parent and shouldering the blame for either decision. It is absolutely clear from the litigation history that this is a contentious case with parents who do not respect each other or understand the importance of the children maintaining a good relationship with both parents. The trial court has placed an impermissible burden on these children to do battle with the custodial parent if they want to maintain a relationship with the other parent. The children must live with the decisions they make as children for the rest of their lives and must shoulder the blame in alienating one or the other parent.
*340 That is not what the legislature intended, nor has it ever been allowed by the courts. It is the court that has taken on the responsibility for the children and it is the court that must bear that burden-even in a situation where the parents claim to have reached an agreement. A cursory reading of the agreement would have shown that it was not acceptable. Even in a case where the parents can encourage visitation with the noncustodial parent, there must be some plan for the times when periods of custody cannot be worked out.
I would hold that at no time should a twelve-year-old child be in a position of dictating to a parent when visitation will occur. Adults are in charge of children. The adults in this case failed in their responsibility. And, by this decision, the trial court has allowed the adults to abandon their responsibility of determining what is in the best interests of children. I cannot concur with that result.

We describe the parties as "Mother" (Appellant) and "Father" (Respondent), consistent with the parties' briefs in this court.

Section 452.310.8 provides for a specific written schedule detailing each party's custody, visitation, and residential time with each child, including:
(a) Major holidays stating which holidays a party has each year;
(b) School holidays for school-age children;
(c) The child's birthday, Mother's Day and Father's Day;
(d) Weekday and weekend schedules and for school-age children how the winter, spring, summer and other vacations from school will be spent;
(e) The times and places for transfer of the child between the parties in connection with the residential schedule;
(f) A plan for sharing transportation duties associated with the residential schedule;
(g) Appropriate times for telephone access;
(h) Suggested procedures for notifying the other party when a party requests a temporary variation from the residential schedule;
(i) Any suggested restrictions or limitations on access to a party and the reasons such restrictions are requested[.]
Section 452.375.9 requires any judgment providing for custody to include a specific written parenting plan setting forth the foregoing terms.

See § 452.375.9.

All references to statutes are to RSMo 2016.