**Henrietta HALEY (Plaintiff), Respondent,**

v.

**HORJUL, Inc., a Corporation, Sol Weisman, Bertha D. Schneider, Harold S. Horwitz, and Maurice Cummins, Administrators of the Estate of Julius Horwitz, Deceased, et al. (Defendants), Appellants.**

No. 44704.

Supreme Court of Missouri.

Division No. 1.

July 11, 1955.

Motion for Rehearing or to Transfer to Court en Banc Denied Sept. 12, 1955.

Jerome W. Sandweiss, Jerome W. Sidel, Max W. Kramer, Jerome Kalishman, M. A. Shenker, Bernard J. Mellman, St. Louis, for appellants.

Thomas R. McGinnis, St. Louis, John H. Haley, Sr., Bowling Green, for respondent.

HOLMAN, Commissioner.

Plaintiff (respondent) Henrietta Haley, instituted this action seeking (in count one) the appointment of a receiver pendente lite of Horjul, Inc., a Missouri corporation, and a judgment that said corporation be dissolved, its assets liquidated and the proceeds distributed among the owners thereof. The petition contained three other counts but we are not here concerned with the relief sought therein. The trial court entered an order to show cause as to why a receiver pendente lite should not be appointed and upon a hearing the court appointed John P. English as receiver pendente lite of said corporation. A motion to revoke said order of appointment having been overruled, Horjul, Inc. and various other defendants have duly appealed. The statute provides that an appeal may be taken from such an order. Section 512.020. (All statutory references herein are to RSMo 1949, V.A.M.S.)

We have jurisdiction of this appeal since the defendants (appellants) seek a construction of Article V, Section 16, Constitution of Missouri, V.A.M.S., relating to the jurisdiction of probate courts within this state. Article V, Section 3,

Constitution of Missouri, V.A.M.S. We retain jurisdiction even though, in our final disposition of the case, we have found it unnecessary to decide this question. Skinner v. St. Louis, I. M. & S. Railroad Co., 254 Mo. 228, 162 S.W. 237.

No evidence was heard in the trial court at the hearing which resulted in the appointment of the receiver pendente lite. The transcript of the hearing consists of an extended colloquy between the court and counsel for the various parties concerning the facts and legal principles applicable. However, there seems to be no dispute about the basic facts. Some of the material in the briefs and statements of counsel may be considered as admissions and will be used in presenting such facts as may be required for an understanding of the issues here presented.

Julius Horwitz died intestate on December 7, 1952, while a resident of the City of St. Louis. He left surviving forty-six nieces, nephews, grandnieces and grandnephews as his heirs. The probate court appointed defendants Sol Weisman, Bertha S. Schneider, Harold S. Horwitz and Maurice Cummins as administrators of his estate. They duly qualified and have since been so acting.

The principal asset in the estate of said decedent was all of the capital stock (100 shares) of defendant Horjul, Inc. The assets of this corporation consist primarily of about 90 parcels of rent-producing real estate. The stock of said Horjul, Inc. was inventoried at the appraised value of $506,618.94. The administrators proceeded to vote the shares of said stock and each was elected to the Board of Directors and as an officer of said corporation and they have since been operating its affairs. In March, 1954, the administrators received an order of the probate court authorizing them to surrender to defendant Horjul, Inc., 27 shares of its stock for the purpose of securing funds for the payment of federal estate taxes. Shortly thereafter the said administrators obtained another order from the probate court granting them authority to sell said 73 remaining shares for not less than $287,887.50 or, in the alternative, to liquidate said corporation and sell the assets at private sale for not less than the afore-mentioned amount.

Plaintiff is one of the forty-six heirs of Julius Horwitz. She made Horjul, Inc., the administrators and all of the heirs of the Horwitz estate defendants in this suit. Her petition, after alleging the facts substantially as we have stated them herein, alleges that the conduct of the administrators in electing themselves as directors and officers of the corporation and taking control of same was unlawful. It is further alleged that they are proceeding to liquidate said corporation and sell said real estate under a void order of the probate court and, in general, that they have "so unlawfully interlaced their activities in dealing with the affairs of the personal estate as individuals, administrators and pseudo-directors that they have woven such a tangled web that can only be untangled by a court of equity, there being no adequate remedy at law." She prays for the appointment of a receiver pendente lite; that the administrator-directors be required to make full accounting of their activities in connection with the affairs of said corporation and for a dissolution and liquidation of the corporation in the circuit court.

This appeal presents a number of interesting and intricate problems relating both to corporate law and the administration of estates that are apparently of first impression in this state. However, the view we take of the case makes it unnecessary and, in fact, improper for us to consider these questions.

We have concluded that plaintiff cannot maintain this suit because she is not a party authorized by the only applicable statute to invoke the power of a court of equity to liquidate the assets and business of this corporation.

Prior to the enactment of "The General and Business Corporation Law of Missouri" in 1943, now Sections 351.010 to 351.720, courts of equity had no authority to appoint a receiver to liquidate a corporation.

834

Ashton v. Penfield, 233 Mo. 391, 135 S.W. 938; Milgram v. Jiffy Equipment Co., 362 Mo. 1194, 247 S.W.2d 668, 30 A.L.R.2d 925; Kessler v. United Agencies, Mo.App., 243 S.W.2d 779. Before that enactment the appointment of a receiver was only a protective measure invoked as ancillary to an action pending for some other purpose. Monticello Bldg. Corporation v. Monticello Inv. Co., 330 Mo. 1128, 52 S.W.2d 545.

It is evident from a reading of plaintiff's petition, her brief filed in this court, and the transcript of proceedings in the circuit court, that this is, and was by plaintiff intended to be, an action under Sections 351.485 et seq. seeking the dissolution and liquidation of Horjul, Inc. This is plainly illustrated by the fact that the concluding paragraph of the petition copies almost verbatim the provisions of Section 351.485, paragraph 1, subsection (1) (a) (b) (c), and the prayer for appointment of a receiver pendente lite closely follows the language in Section 351.490(1). The prayer for an accounting of the activities of the defendant-directors is obviously only incidental to the final liquidation of the corporation. Plaintiff's brief makes this especially clear. Section 351.485 contains five provisions under which a court of equity may order the liquidation of a corporation. The first is the only one that could possibly apply to plaintiff. It provides that liquidation may be ordered upon the suit of a *shareholder* when certain conditions are made to appear. Section 351.015, which defines certain terms and words used in that act, provides that a *" 'shareholder' means one who is a holder of record of shares in a corporation."*

It is conceded that plaintiff is not a shareholder unless it is by virtue of being an heir of the estate of Horwitz. It is elementary that the title to the personal property of a decedent vests in the personal representative charged with the responsibility of the administration upon his estate. Citing Williams v. Patterson, 240 Mo.App. 131, 218 S.W.2d 156, plaintiff contends that though legal title to personalty of a deceased descends to the administrator, the equitable title is in the heirs. It may be that under certain circumstances an heir may be considered the equitable owner of a portion of an estate. However, it appears clear that ownership of shares of stock by an estate would not constitute an heir of said estate as a shareholder of the corporation within the statutory definition of a *"shareholder"* as contained in Section 351.015.

There may be other remedies or actions available to plaintiff, but we are convinced that since she is admittedly not a shareholder of record of Horjul, Inc., she cannot maintain this suit. Plaintiff and this court are bound by the clear and explicit provisions of these statutes as to who may seek the dissolution and liquidation of a corporation in the courts of this state.

Since we have concluded that the plaintiff cannot maintain this action, it necessarily follows that the court had no authority to appoint a receiver pendente lite.

The cause is reversed and remanded with directions to the trial court to set aside the order appointing the receiver pendente lite and, in accordance with the prayer of the return filed by the defendants, to enter an order dismissing the first count of the petition.

VAN OSDOL and COIL, CC., concur.

PER CURIAM: The foregoing opinion by Holman, C., is adopted as the opinion of the court.

All concur.