**Nigel N. WHITE, Walter W. Hulen, Lester Martin and Thelma R. Martin, his wife, Charles F. Pasley and Mabel R. Pasley, his wife, Plaintiffs-Appellants,**

**v.**

**CITY OF COLUMBIA, a Municipal Corporation, Defendant-Respondent.**

**No. 55455.**

Supreme Court of Missouri, En Banc.

Dec. 14, 1970.

Rehearing Denied Jan. 11, 1971.

Carroll J. Donohue, Shulamith Simon, Husch, Eppenberger, Donohue, Elson & Cornfeld, St. Louis, for plaintiffs-appellants.

Raymond C. Lewis, Jr., Columbia, for respondent.

Don G. Busch, City Atty., Springfield, Robert M. Clayton II, City Counselor, Hannibal, George C. Baldridge, City Atty., Joplin, Aaron A. Wilson, City Counselor, Carrol C. Kennett, Assoc. City Counselor, Kansas City, A. E. Nick, City Atty., Ferguson, for amici curiae.

DONNELLY, Judge.

On July 21, 1969, the City Council of Columbia, Missouri, a constitutional charter city, enacted Ordinance 3962, which proposed to amend the home rule charter of that city to extend its corporate limits, and which called a special election for October 7, 1969. An election was held in the city on said date, and, on October 10, 1969, the city council canvassed the results of the election and, by resolution, declared the annexation propositions adopted.

On October 22, 1969, appellants, as property owners and taxpayers of Colum-

bia, Missouri, filed suit for injunction and for declaratory judgment, attacking the regularity of the annexation proceedings. Temporary relief was granted in the trial court but, after hearing, judgment was entered in behalf of the City.

Respondent contends the trial court correctly held for the City because appellants "had no capacity to bring the instant suit." We agree.

In Spilker et al. v. Bethel Special School District of Shelby County et al., Mo.App., 235 S.W.2d 78, 80, 81, the St. Louis Court of Appeals said:

"At the threshold of this case we meet this question: Can these plaintiffs draw into question the right of the Bethel Special School District to exercise its corporate powers within the territory known as the Brick District, which it claims to have lawfully annexed? We do not think so. It is our opinion that the facts alleged in the petition show a de facto annexation which can only be questioned by the proper State authority in a direct proceeding for that purpose. Fly v. Jackson, 226 Mo.App. 203, 45 S.W.2d 919; School District No. 35 v. School District No. 32, Mo.App., 247 S.W. 232; Bonderer v. Hall, Mo.Sup., 205 S.W. 542; State ex rel. Consolidated School District No. 2, Clinton County v. Hunt, Mo.Sup., 199 S.W. 944; State ex rel. Consolidated School District No. 1, Mississippi and New Madrid Counties v. Jones, 320 Mo. 353, 8 S.W.2d 66; State ex inf. Barker v. Smith, 271 Mo. 168, 196 S.W. 17; Black v. Early, 208 Mo. 281, 106 S.W. 1014.

"[2] The foregoing cases deal with the organization of consolidated school districts and hold that a private individual cannot attack the legality of the corporate existence of such school districts on account of any irregularity in their organization, but that such action can only be brought by the State in a quo warranto proceeding. The same principle should apply to a case such as the one at bar, where the legality of an annexation is attacked on account of some irregularity in the proceeding wherein the school district seeks to acquire additional territory. State ex rel. Childs, Atty. Gen. v. Board of Com'rs. of Crow Wing County, 66 Minn. 519, 69 N.W. 925, 35 L.R.A. 745.

"[3] Some courts give as the reason for the above mentioned rule that corporate franchises are grants of sovereignty only, and, if the state acquiesces in their usurpation, individuals will not be heard to complain. Others base the rule upon consideration of public policy, emphasizing the importance of stability and certainty in such matters, and the serious consequences which might follow if the existence of a public corporation could be called in question by persons who do not have an interest in the matter separate and distinct from that of the State itself. But, whatever reason is advanced, the rule is unanimous that where a public body has, under color of authority, assumed to exercise the power of a public corporation of a kind recognized by law, the validity of its organization can only be challenged by the State. *The same rule applies where such public corporation extends its authority, under color of law, over additional territory.* Its de facto existence in such territory should not be allowed to be questioned by private individuals. State ex rel. Childs, Atty. Gen. v. Board of Com'rs. of Crow Wing County, 66 Minn. 519, 69 N.W. 925, 35 L.R.A. 745." (Emphasis ours.)

In State ex rel. Junior College District of Sedalia v. Barker, Mo.Sup., 418 S.W.2d 62, at 65 and 66, this Court en Banc cited the Spilker case, supra, and said:

"The law is settled that when a public body has, under color of authority, assumed to exercise the powers of a public corporation of a kind recognized by law, so as to become at lest a de facto corporation, the validity of its organization can be challenged only by direct proceedings in quo warranto by the state through its officers designated in § 531.010, and cannot be challenged by individuals."

The City of Columbia acted "under color of authority" given it by Article 6, § 20, Const. of Mo.1945, V.A.M.S., which "sets out the exclusive mode of annexation for constitutional charter cities." City of Hannibal v. Winchester, Mo.Sup., 391 S.W.2d 279, 288. In these circumstances, we must hold that appellants "had no capacity to bring the instant suit."

In Seibert v. City of Columbia, Mo.Sup., 461 S.W.2d 808 (decided concurrently herewith), we have reversed and remanded a suit brought by residents of the areas annexed for determination of the question whether the annexation involved here is reasonable and necessary to the proper development of the City of Columbia.

The judgment is affirmed.

All of the Judges concur.