**Mrs. George SEIBERT et al., (Plaintiffs) Appellants,**

**v.**

**CITY OF COLUMBIA, a Municipal Corporation, (Defendant) Respondent.**

**No. 55911.**

Supreme Court of Missouri,
En Banc.

Dec. 14, 1970.

Rehearing Denied Jan. 11, 1971.

Carroll J. Donohue, Shulamith Simon, Husch, Eppenberger, Donohue, Elson & Cornfeld, St. Louis, for plaintiffs-appellants.

Raymond C. Lewis, Jr., David B. Rogers, Smith, Lewis & Rogers, Columbia, for defendant-respondent.

HOLMAN, Judge.

◾ Plaintiffs filed this suit attacking the validity of the annexation of seven separate tracts of land by the defendant, City of Columbia. The trial court sustained a motion to dismiss "on the ground that the cause of action set up in plaintiffs' petition is res judicata." Plaintiffs have duly appealed. We have jurisdiction because an issue raised by plaintiffs would, if decided, require a construction of constitutional provisions. Although we find it unnecessary to specifically decide that question our jurisdiction remains. Haley v. Horjul, Inc., Mo.Sup., 281 S.W.2d 832.

The dismissal because of res judicata occurred by reason of the following facts: Columbia is a constitutional charter city. At a special election held on October 7, 1969, the voters approved charter amendments extending the corporate limits of the city so as to include seven additional tracts of land. Shortly thereafter a declaratory judgment suit was filed attacking the validity of the annexation. That suit is styled Nigel N. White et al. v. City of Columbia, Mo., 461 S.W.2d 806. The plaintiffs were all residents of the area composing the original city. They based their contentions that the annexation was void entirely upon procedural insufficiencies connected with the passage of the ordinance and the election requirements. Their interest in the controversy was based upon the proposition that since the annexation was void, expenditures by the city in the annexed areas constituted a misuse of public funds. The White case was tried and on January 5, 1970, the trial court entered a judgment in favor of defendant. The plaintiffs appealed that case to this court.

In February 1970 the instant suit was filed. The plaintiffs in this suit are all residents of the annexed areas. In their petition they attack the validity of the annexation on all the grounds asserted in the White case and, in addition, allege that the annexation is void because unreasonable; that the areas are not needed for any purpose and the City will be unable to provide municipal services to them; and that the property in the areas will be subject to tax without reciprocal benefits to the residents. The defendant filed a motion to dismiss which, as indicated, was based primarily upon res judicata. It also filed a motion to strike from the petition those paragraphs which contained allegations raising the same issues which were decided in the White case. The court overruled both motions on May 20, 1970. Thereafter, the regular judge was disqualified upon petition of one of the plaintiffs and this court transferred Judge Cottey to hear this cause. Judge Cottey thereafter set aside the previous order overruling the motion to dismiss and reconsidered same. On July 8, 1970, the trial court, as heretofore indicated, sustained the motion to dismiss.

◾ In White v. City of Columbia, supra, we held that the plaintiffs in that case had no capacity to bring the suit and the judgment in favor of defendant was accordingly affirmed. That decision is applicable to this case and we rule that plaintiffs are precluded from maintaining this action insofar as they seek to attack the validity of the annexation on the ground of procedural insufficiencies connected with the passage of the ordinance and the manner of complying with the election requirements. It should also be apparent that our decision in White has eliminated from this case the issue of res judicata.

◾ We rule, however, that plaintiffs may maintain this action in order to attack the annexation on the ground of reasonableness. That right has been settled by a number of our decisions which are reviewed in State on Inf. of Eagleton v. Champ, Mo.Sup., 393 S.W.2d 516, 531, 532, as follows:

"It has been firmly established in decisions of this court that reasonableness of annexation by a city always is the subject of judicial inquiry. Such judicial review has been provided by the Legislature in certain instances by § 71.015, commonly referred to as the Sawyers Act. However, it has been held that reasonableness of annexation is the subject of such judicial inquiry even in instances in which the Sawyers Act is not applicable. For example, in the case of McDonnell Aircraft Corporation v. City of Berkeley, Mo., 367 S.W.2d 498, the City of Berkeley, a constitutional charter city, claimed that no court could judicially review charter amendments for annexation of territory by a constitutional charter city to which the Sawyers Act was not applicable. That position was rejected by this court which stated, l.c. 502, that '[t]he policy of the state in this respect as to all cities is stated in Sec. 71.015 (statutory references are to RSMo and V.A.M.S.) in the requirement "[t]hat such action is reasonable and necessary to the proper development" of the city.' Subsequently, l.c. 503, the opinion states: 'Therefore, our conclusion is that annexation of additional territory is a matter of more than merely municipal affairs and concern and that the reasons for applying the test of unreasonableness amounting to arbitrary, capricious action and abuse of discretion are equally applicable to annexations by constitutional charter cities and those organized under general statutes.' See also City of Hannibal v. Winchester et al., 391 S.W.2d 279, decided by this court on June 14, 1965, wherein it was held that a charter city may annex unincorporated territory under Art. 6, § 20, 1945 Missouri Constitution 'subject to a test in the courts of the reasonableness and necessity of its action.'"

The judgment is reversed and the cause is remanded for further proceedings in accordance with the views herein expressed.

All concur.

## ON MOTION FOR REHEARING

### PER CURIAM.

Defendant vigorously contends that we erred in stating in the opinion that "it should also be apparent that our decision in White has eliminated from this case the issue of res judicata." Counsel for defendant assert that the issue of res judicata remained in the case even though reasonableness was not an issue in White because a judgment is conclusive not only as to questions raised but as to all questions that could have been raised. That, of course, is the general rule. See Powell v. City of Joplin, 335 Mo. 562, 73 S.W.2d 408. It is said that even though none of the plaintiffs in White were residents of the annexed areas they could have raised the issue of reasonableness in their petition and therefore the judgment in White is res judicata of that issue.

In our consideration of this question we will assume (but do not decide) that plaintiffs in White had standing to raise the issue of reasonableness. However, it should be here noted that neither White nor the instant case were class actions and that the plaintiffs in each case were entirely different. At this point it should also be remembered that, generally, in order to have res judicata, there must be identity of the persons and parties to the action. Norwood v. Norwood, 353 Mo. 548, 183 S.W.2d 118. Since the plaintiffs are not the same in these cases res judicata would not ordinarily be applicable in the case at bar.

Defendant contends, however, that the rule requiring identity of parties is not strictly applicable in this case because of the equitable doctrine of "virtual representation." Three cases are cited in support of that doctrine, i. e., Powell v. City of Joplin, supra, Drainage Dist. No. 1 Reformed of Stoddard County v. Matthews, 361 Mo. 286, 234 S.W.2d 567, and Hixson v. Kansas City, 361 Mo. 1211, 239 S.W.2d 341. In Matthews this court said: " 'In the absence of fraud or collusion a judgment for or against a municipal corpora-

tion, county, town, school or irrigation district, or other local governmental agency or district, or a board or officers properly representing it, is binding and conclusive on all residents, citizens and taxpayers in respect to matters adjudicated which are of general or public interest such as questions relating to public property, contracts or other obligations. * * *' The rule just above stated is founded upon basic concepts of privity and virtual representation. The doctrine of virtual representation, well recognized in equity, is based upon considerations of necessity and paramount convenience and may be invoked to prevent a failure of justice. Brown v. Bibb, 356 Mo. 148, 201 S.W.2d 370, 374. The doctrine is applicable if * * * the interest of the represented and the representative are so identical that the inducement and desire to protect the common interest may be assumed to be the same in each and if there can be no adversity of interest between them." 234 S.W.2d l. c. 573, 574.

We are in full accord with the doctrine of virtual representation. It would be unthinkable in our system of jurisprudence to hold that each taxpayer of a municipality could bring a suit to attack an annexation and that res judicata would not apply because there was not an identity of parties. Of necessity, absent fraud or bad faith, all residents and taxpayers must be bound by the result of litigation of a public nature carried on by one in similar circumstances and having a common interest. For example, had White been affirmed on the merits we would have had no difficulty in concluding that the instant plaintiffs were barred by res judicata from litigating the issues actually decided in that case since they had an identity of interest in those matters. However, as a practical matter, the situation of the plaintiffs in this case is quite different from those in White when we consider the issue of reasonableness. The plaintiffs in this case live in the annexed areas and that fact, of itself, would give them greater knowledge of the facts concerning that issue than the plaintiffs in White would have had. Also, those living in the annexed areas are, for the first time, having their property subjected to taxation by the defendant and are particularly interested in the services the City will be able to furnish them in return. These are matters in which the plaintiffs in White had no personal interest. In view of that situation we do not think it would be just and equitable to hold that the virtual representation doctrine is fully applicable and that these plaintiffs are barred from litigating the issue of reasonableness of the annexation because of the White judgment. In other words, we find it difficult to conclude that the plaintiffs in the White case (all residents of the original city) were representing the interests of the plaintiffs in this case (all residents of the annexed areas) when they concluded that they would not attack the annexation on the issue of reasonableness in their suit. See and compare Hansberry v. Lee, 311 U.S. 32, 61 S. Ct. 115, 85 L.Ed. 22, and Van Ha[f]ften v. Clayton, Mo.App., 259 S.W. 530. See also 52 Am.Jur., § 38, p. 27, wherein it is said that "[p]ersons who were not parties to a former suit cannot be bound by a decree therein under the doctrine of virtual representation, unless it appears that the parties appearing as representatives therein had interests that were, in fact, similar to and consistent with those of the other members of the purported class."

The motion for rehearing is overruled.