# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1949

_____

Roger Niere; Vivian McCallum,    \*

                                  \*

            Appellants,    \*

                                  \*   Appeal from the United States

   v.                         \*   District Court for the Eastern

                                  \*   District of Missouri.

St. Louis County, Missouri,    \*

                                  \*   [PUBLISHED]

            Appellee.    \*

                                  \*

_____

Submitted:   September 9, 2002

Filed:   September 30, 2002

_____

Before LOKEN, FAGG, and RILEY, Circuit Judges.

_____

PER CURIAM.

This is the second time we have been presented with a challenge to the disincorporation of the City of Peerless Park, Missouri. In 1997, eighteen registered voters filed a petition with St. Louis County to disincorporate Peerless Park. Peerless Park had 27 registered voters at the time, so the 18 voters who signed the petition formed the required two-thirds supermajority to disincorporate the small city by petition under Missouri Statutes section 79.495 (2000). Finding the statutory requirements were met, St. Louis County Council disincorporated the city. Soon

after, the former city and two former city officials challenged the disincorporation in Missouri court on grounds that it was an impermissible boundary change and violated federal due process law. The Circuit Court of St. Louis upheld the council's decision to disincoroporate Peerless Park, and the decision was affirmed on appeal. State ex rel. City of Peerless Park v. Young, 988 S.W.2d 142, 142 (Mo. Ct. App. 1999).

A group of unregistered voters then filed a civil rights action in federal court, claiming disincorporation by petition rather than open election violated the First Amendment and the Equal Protection Clause. The district court denied relief, finding the plaintiffs failed to state claims upon which relief could be granted, the court lacked jurisdiction under the Rooker-Feldman doctrine, and the suit was barred by claim preclusion. We affirmed on appeal, finding the court lacked jurisdiction under the Rooker-Feldman doctrine. Lemonds v. St. Louis County, 222 F.3d 488, 496 (8th Cir. 2000), cert. denied, 531 U.S. 1183 (2001).

In the present suit, two unregistered voters who were not parties to the state lawsuit or the earlier federal lawsuit claim the disincorporation of Peerless Park by petition was unconstitutional. The district court dismissed the suit as barred by the Rooker-Feldman doctrine, claim preclusion, and because the plaintiffs failed to state claims upon which relief could be granted. Niere and McCallum now appeal. In many ways, this case is identical to the case decided in Lemonds. Because we must establish jurisdiction before entertaining other issues, we begin by considering the Rooker-Feldman doctrine and our earlier decision in Lemonds. Id. at 492 (reviewing jurisdiction de novo).

"The Rooker-Feldman doctrine recognizes that, with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments." Id. at 492 (citing District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923)). Lemonds considered and rejected the argument that the Rooker-Feldman

doctrine could not be applied to litigants who were not parties to the earlier state lawsuit. Lemonds, 222 F.3d at 495; see also T.W. & M.W. v. Brophy, 124 F.3d 893, 898 (7th Cir. 1997). "The key inquiry, as always, must be whether the federal plaintiff's interest in having a state rule set aside is inseparable from his interest in upsetting a particular state court judgment based on that rule." Lemonds, 222 F.3d at 495. Because the requested relief -- setting aside the disincorporation by petition of Peerless Park -- would "unwind the decision of the state court," and because the Lemonds appellants had ample opportunity to litigate in the state court proceeding, Lemonds concluded the appellants' federal claims were inextricably intertwined with the state court judgment and the Rooker-Feldman bar applied. Id. at 496.

The critical distinction between the Lemonds appellants and Niere and McCallum, the appellants in this case, is that Niere and McCallum assert they did not know about the state lawsuit and had no opportunity to litigate their claims in state court. Because Niere's and McCallum's claims were dismissed on the pleadings, we must assume these assertions are true. Schaller Tel. Co. v. Golden Sky Sys., Inc., 298 F.3d 736, 740 (8th Cir. 2002) (standard of review). Lemonds recognized that some courts decline to apply Rooker-Feldman where federal plaintiffs lacked a reasonable opportunity to litigate their claims in state court. Lemonds, 222 F.3d at 496; see also Long v. Shorebank Dev. Corp., 182 F.3d 548, 557-58 (7th Cir. 1999); Valenti v. Mitchell, 962 F.2d 288, 296 (3rd Cir. 1992); Wood v. Orange County, 715 F.2d 1543, 1546-48 (11th Cir. 1983). Other courts issuing opinions after Lemonds have agreed that when plaintiffs lacked a reasonable opportunity to present their claims in an earlier state proceeding, federal claims are not inextricably intertwined with the state court judgment, and the Rooker-Feldman bar does not apply. Kropelnicki v. Siegel, 290 F.3d 118, 128 (2d Cir. 2002); Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1332 (11th Cir. 2001). The Lemonds appellants were former city officials who had "ample opportunity" to bring their claims in state court. Lemonds himself sponsored the bill to hire the attorney to litigate the state claims and received regular reports on the state lawsuit's progress. Lemonds, 222 F.3d at 496. The same cannot

be said for Niere and McCallum. According to the complaint, Niere and McCallum did not sit on their rights or await an adverse ruling in state court before presenting their federal claims. Rather, Niere and McCallum were unaware of and uninvolved in the state court litigation. Niere and McCallum attempted to join the earlier federal suit in a third amended complaint, but were denied leave to do so. Neither the Rooker-Feldman doctrine nor our earlier holding in Lemonds compels us to close the doors of federal court to litigants like Niere and McCallum who were uninvolved with earlier state court proceedings. Because Niere and McCallum lacked a reasonable opportunity to litigate their claims in state court, the Rooker-Feldman doctrine does not apply. We thus conclude we have jurisdiction.

Although we have jurisdiction to consider this lawsuit, we nevertheless affirm the dismissal of Niere's and McCallum's claims. The claims are barred by claim preclusion and fail to state claims upon which relief can be granted.

Under Missouri law, "[t]he doctrine of res judicata, or claim preclusion, bars relitigation of the same cause of action by the same parties or privities in a case if the two actions have the following common 'identities:'(1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the parties to the action; and (4) identity of the quality of the person for or against whom the claim is made." Williams v. Finance Plaza, Inc., 78 S.W.3d 175, 183 (Mo. Ct. App. 2002) (quoting State v. Polly, 2 S.W.3d 887, 893 (Mo. Ct. App. 1999)). The parties in the earlier state lawsuit and the present lawsuit sued St. Louis County seeking to set aside the disincorporation order, meeting the first and fourth elements. Niere and McCallum label one claim Equal Protection, but in substance it speaks to notice and fair opportunity to participate, which are traditionally due process arguments. Thus, to the extent the claims labeled Equal Protection raise due process issues, the cause of action is the same as the state court action, meeting the second element for claim preclusion. Because claim preclusion prohibits splitting claims, claims arising out of the same course of action that could have been brought in the state lawsuit are

precluded from relitigation in the present suit. <u>Chesterfield Village v. City of Chesterfield</u>, 64 S.W.3d 315, 318-19 (Mo. 2002) (en banc). Thus claim preclusion bars appellants' Equal Protection, First Amendment, and state law claims even though they were not litigated in the state court case because these claims arise out of the same disincorporation action. <u>Id.</u> Finally, although Niere and McCallum were not parties to the state court case, Niere and McCallum were virtually represented by and in privity with the state court plaintiffs, meeting the final element for claim preclusion to apply. Virtual representation applies where litigation is public in nature and the plaintiffs barred by res judicata had common interests with the actual litigants. <u>Seibert v. City of Columbia</u>, 461 S.W.2d 808, 811 (Mo. 1971) (en banc). Here, the interests of Niere and McCallum are so identical to the state court litigants that common interest may be assumed to be the same; they seek to redress the same common wrong – the disincorporation of their small city. <u>Id.</u> Like the district court, we conclude the interests of Niere and McCallum and the state court litigants are so closely intertwined that Niere and McCallum can fairly be considered to have had their day in court on the due process issue. <u>Lomax v. Sewell</u>, 50 S.W.3d 804, 809 (Mo. Ct. App. 2001).

In addition, the appellants fail to state claims upon which relief can be granted. The Equal Protection claim and state law claims challenge the disincorporation as an unfair election in which appellants were denied the right to vote. The challenged action was, by definition, disincorporation by petition, not election. Signing a petition is not entitled to the same protection as exercising the right to vote. <u>Taxpayers United for Assessment Cuts v. Austin</u>, 994 F.2d 291, 296 (6th Cir. 1993). The state law regulations governing elections do not apply to the challenged action. Even if we adopted appellants' argument that the petition served the purpose of an election so we should analyze the disincorporation by petition as a denial of the right to vote, the arguments are circular and without merit. Requiring voters to register before voting (or signing a petition) is a legitimate, content-neutral method of protecting the electoral system from fraud and abuse. <u>Hoyle v. Priest</u>, 265 F.3d 699,

703-04 (8th Cir. 2001).  We reject appellants' argument that as unregistered voters, they were treated differently than registered voters.

Appellants' First Amendment claim also fails.  The First Amendment applies only to state actors, and appellants' rights have not been harmed by any governmental action.  Loce v. Time Warner Entm't Advance/Newhouse P'ship, 191 F.3d 256, 266 (2d Cir. 1999).  Missouri law did not prevent appellants from circulating any petition, signing any petition, or objecting to any petition, thus did not limit the number of voices conveying a political message or limit the size of the audience the message could reach.  See Buckley v. American Constitutional L. Found., Inc., 525 U.S. 182, 194-95 (1999).

In sum, we affirm the dismissal of this lawsuit on the grounds of claim preclusion and failure to state claims for which relief can be granted.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.