# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

Argued February 2, 2007         Decided June 22, 2007

No. 05-5279

BRENT TAYLOR,
APPELLANT

v.

MARION C. BLAKEY,
ADMINISTRATOR, FEDERAL AVIATION ADMINISTRATION AND
FAIRCHILD CORPORATION,
APPELLEES

---

Appeal from the United States District Court
for the District of Columbia
(No. 03cv00173)

---

*Michael John Pangia* argued the cause and filed the briefs for appellant.

*Adina H. Rosenbaum* argued the cause for *amicus curiae* Public Citizen, Inc. in support of appellant. With her on the brief was *Brian Wolfman*.

*Harry L. Riggs, Jr.* and *Melissa L. Korfhage* were on the brief for *amicus curiae* Experimental Aircraft Association, Inc. in support of appellant.

*Alan Burch*, Assistant U.S. Attorney, argued the cause for appellee Marion Blakey.  On the brief were *Jeffrey A. Taylor*, U.S. Attorney, and *R. Craig Lawrence* and *Peter D. Blumberg*, Assistant U.S. Attorneys.  *Michael J. Ryan*, Assistant U.S. Attorney, entered an appearance.

*N. Thomas Connally* argued the cause for appellee Fairchild Corporation.  With him on the brief was *Emily M. Yinger*.

Before: GINSBURG, *Chief Judge*, and GRIFFITH, *Circuit Judge,* and WILLIAMS, *Senior Circuit Judge*.

Opinion for the Court filed by *Chief Judge* GINSBURG.

GINSBURG, *Chief Judge*:  Brent Taylor requested certain documents from the Federal Aviation Administration under the Freedom of Information Act.  The FAA denied his request and Taylor sued to compel disclosure.  The district court dismissed the case, holding res judicata barred Taylor's claim because Greg Herrick, a "close associate" of Taylor's, had been his "virtual representative" in a prior FOIA case Herrick had brought unsuccessfully seeking the same documents. We affirm that judgment.

## I.  Background

Herrick, a member of the Antique Aircraft Association (AAA) and the owner of an F-45 aircraft manufactured by a predecessor of the Fairchild Corporation, filed a request under the FOIA seeking the plans and specifications for the F-45. *Herrick v. Garvey*, 298 F.3d 1184, 1188 (10th Cir. 2002).  After conferring with Fairchild, the FAA determined the requested material was a trade secret and withheld the information pursuant to Exemption 4 of the FOIA.  *See* 5 U.S.C. § 552(b)(4). Herrick challenged the FAA's determination, pointing to a 1955

letter from Fairchild's predecessor authorizing the government to disclose the information to the public. *Herrick*, 298 F.3d at 1193-94. The United States District Court for the District of Wyoming granted summary judgment to the FAA. The Tenth Circuit Court of Appeals, affirming, *id.* at 1194-95, opined that Fairchild's letter authorizing disclosure had deprived the F-45 documents of their status as a trade secret but, because Herrick had not challenged on appeal the district court's assumption that Fairchild's later revocation of that authorization restored their status as a trade secret, the Tenth Circuit assumed without deciding that revocation would have such an effect. *Id.* at 1194 n.10.

Approximately one month after the Tenth Circuit issued its decision in *Herrick*, Taylor, the executive director of the AAA, filed a FOIA request for the same documents relating to the F-45 that Herrick had sought. After failing to receive a response from the FAA's Production and Airworthiness Division, Taylor, represented by the lawyer who had represented Herrick in his litigation, appealed the constructive denial to the FAA's FOIA Program Manager, noting the decision in *Herrick* and arguing the trade secret status of the F-45 documents, having long been abandoned, could not be restored. The FAA nonetheless withheld the material under Exemption 4 and Taylor, still represented by Herrick's counsel, sought review in the district court.

Taylor filed a motion for discovery and a memorandum in support thereof, in which he said that Herrick "has now requested [Taylor] to assist him with the repair of his aircraft." The district court denied the motion as premature, preferring to wait until the Government moved for summary judgment before determining whether discovery was appropriate in this case. Fairchild then successfully moved to intervene as a defendant, after which Fairchild and the FAA moved for summary

4

judgment, contending, among other things, that Taylor was precluded by the doctrine of res judicata from bringing this claim because he had been "virtually represented" by Herrick in the litigation in the Tenth Circuit.

Fairchild accompanied its motion with a statement of undisputed material facts that identified Herrick as a "close associate of Taylor's." In his opposition to summary judgment Taylor did not challenge this characterization and acknowledged he and Herrick were both members of the same antique aircraft association and shared a common interest in preserving antique aircraft. He did suggest, however, that such commonalities were insufficient to warrant preclusion of his claim, and added that he did not know of Herrick's FOIA request until after the Tenth Circuit's decision. Also, he said Herrick and Taylor sought the information for different reasons — Herrick to restore his F-45 and Taylor more generally "for the public and in the interest of the preservation of antique aircraft heritage."

The district court entered a summary judgment for the FAA and Fairchild. Noting Taylor's failure to present any evidence in opposition, and apparently assuming Taylor had agreed to Herrick's request for assistance mentioned in Taylor's motion for discovery, the court concluded it was

> left with two individuals who are quite fond of antique aircrafts and the historical preservation thereof, who are members of the same antique aircraft association, who keep apprised of each other's litigation, and who successively used the same lawyer to seek identical information regarding an exceedingly rare aircraft that Herrick happens to own and Taylor has agreed to repair.

(footnotes omitted). The court also noted that this case involves

a matter of public law, which, because multiple parties could raise the same claim, it believed weighed in favor of finding the claim precluded. Applying the seven-factor test for virtual representation announced by the Eighth Circuit in *Tyus v. Schoemehl*, 93 F.3d 449 (1996), the court held Herrick indeed had been Taylor's virtual representative. Accordingly, the court dismissed the case as barred by res judicata.

Taylor moved for reconsideration and filed, for the first time, an affidavit. In the affidavit he stated that he did not have an agreement with Herrick to restore Herrick's F-45 and that he had hired Herrick's lawyer because of his knowledge of the issues and because hiring another attorney "would not have been cost effective and would have taken too much time." The attorney also submitted an affidavit stating there was no agreement between Taylor and Herrick to rebuild Herrick's F-45. The district court denied reconsideration and Taylor appealed.

## II. Analysis

Under the doctrine of res judicata, or claim preclusion, "a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.5 (1979); *Drake v. FAA*, 291 F.3d 59, 66 (D.C. Cir. 2002). Res judicata bars relitigation both of "issues that were" and of issues that "could have been raised" in the prior action. *Allen v. McCurry*, 449 U.S. 90, 94 (1980); *Drake*, 291 F.3d at 66. Our review of the district court's application of the doctrine is de novo. *Ibrahim v. Dist. of Columbia*, 463 F.3d 3, 7 (D.C. Cir. 2006).

Taylor contends *Herrick* does not preclude his claim here because (1) he is not in privity with Herrick, (2) there was no

final judgment on the merits in *Herrick*, and (3) his claim is different from Herrick's. Taylor also claims (4) the district court erred in denying his motion for discovery. The Government and Fairchild argue (1) dismissing the case as a res judicata was appropriate and, (2) in the alternative, the requested documents are protected from disclosure under Exemption 4. We conclude the claim is barred as a res judicata and do not reach the other issues briefed by the parties.

A. Virtual Representation

Although a litigant is not ordinarily bound by the judgment in a prior suit to which he was not a party, "there is an exception when it can be said that there is 'privity' between a party to the second case and a party who is bound by an earlier judgment." *Richards v. Jefferson County*, 517 U.S. 793, 798 (1996). Privity is an "elusive concept, without any precise definition of general applicability." *Jefferson Sch. of Soc. Sci. v. Subversive Activities Control Bd.*, 331 F.2d 76, 83 (D.C. Cir. 1963); *see also* 18A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 4449 at 351 (2d ed. 2002) ("the privity label simply expresses a conclusion that preclusion is proper"). At one time courts tended not to find two parties in privity absent a specific legal relationship between them, but the term "is now used to describe various relationships between litigants that would not have come within the traditional definition of that term." *Richards*, 517 U.S. at 798.

Courts now generally hold a nonparty's claim precluded by a prior suit based upon a particular form of privity known as "virtual representation." The idea is that some cases of successive litigation involve as a litigant "a nonparty [to the original action] whose interests were adequately represented by a party to the original action." *Tyus*, 93 F.3d at 454; *cf. Martin v. Wilks*, 490 U.S. 755, 762 n.2 (1989) ("[I]n certain limited

circumstances, a person, although not a party, has his interests adequately represented by someone with the same interests who is a party"). In those cases the party to the prior litigation is treated as the proxy of the nonparty, with the result that the nonparty is barred from raising the same claim. At this level of generality, the doctrine is not controversial. *See Tice v. Am. Airlines, Inc.* 162 F.3d 966, 971 (7th Cir. 1998); *see also Gonzalez v. Banco Cent. Corp.*, 27 F.3d 751, 758 & n.5 (1st Cir. 1994).

In what circumstances were a person's interests "adequately represented" by another person? The Court explicated the meaning of "adequate representation" in *Richards* where, after assuming that "in some class suits adequate representation [of nonparties] might cure a lack of notice," 517 U.S. at 801, it concluded that for a prior proceeding to have "binding effect on absent parties," the court must "insure that those present are of the same class as those absent and that the litigation is so conducted as to insure the full and fair consideration of the common issue." *Id.* (quoting *Hansberry v. Lee*, 311 U.S. 32, 43 (1940)). In *Richards* there was no reason to believe the court in the prior case had taken care to protect the interests of the later plaintiffs or that the plaintiffs in the prior case "understood their suit to be on behalf" of the *Richards* plaintiffs; the litigants were "best described as mere 'strangers' to one another." *Id.* at 802. In that circumstance res judicata would be inconsistent with due process. *Id.*

*Richards* suggests both that identical interests and adequate representation are necessary conditions for virtual representation, and that there must be some relationship between the litigant and his putative proxy, *see also S. Cent. Bell Tel. Co. v. Alabama*, 526 U.S. 160, 167-68 (1999). We do not, however, read *Richards* to hold a nonparty was adequately represented only if special procedures were followed or the party to the prior

suit understood it was representing the nonparty; those circumstances tend to support a finding of adequate representation, but there is no reason to believe they are the only circumstances in which res judicata is consistent with due process. *Cf. Tyus*, 93 F.3d at 455.

This court has not had a prior occasion to apply the doctrine of virtual representation, and we see that other circuits vary widely in their approach to the doctrine. *See Gonzalez*, 27 F.3d at 761. For example, the Fourth Circuit treats a party as a virtual representative only if the party is "accountable to the nonparties who file a subsequent suit" and has "the tacit approval of the court" to act on the nonparty's behalf. *Klugh v. United States*, 818 F.2d 294, 300 (4th Cir. 1987). Regarding "tacit approval," the court cited the RESTATEMENT (SECOND) OF JUDGMENTS § 36(1), cmt. b (1982), according to which "[t]he essential question is whether there is a disclosed relationship in which the party is accorded authority to appear as a party on behalf of others." *Id.*; *see Martin v. Am. Bancorp. Retirement Plan*, 407 F.3d 643, 651-52 (4th Cir. 2005). In contrast, the Eighth Circuit notes that "[d]ue to the equitable and fact-intensive nature of virtual representation, there is no clear test for determining the applicability of the doctrine," but has identified several factors to consider: whether the successive party (1) has an identity of interests with the prior party; (2) has a close relationship with the prior party; (3) participated in the prior litigation; (4) apparently acquiesced in being bound by the prior litigation; (5) was adequately represented, viewed in terms of the prior party's incentive to litigate; (6) deliberately maneuvered to avoid the effects of the prior action; and (7) raises a public or a private law issue, the former of which is more conducive to a finding of virtual representation. *Tyus*, 93 F.3d at 455-56. The district court applied *Tyus* in determining that Herrick had been Taylor's virtual representative. *See also Am. Forest Res.*

*Council v. Shea*, 172 F. Supp. 2d 24, 32 (D.D.C. 2001) (applying same test).

An appropriate test for virtual representation must consider and balance competing interests in due process and efficiency. Too readily to find virtual representation risks infringing upon the nonparty's right to due process of law and departs from our "deep-rooted historic tradition that everyone should have his own day in court." *Richards*, 517 U.S. at 798. To find virtual representation under only very narrow circumstances, on the other hand, would expose defendants to the burden of relitigation, raise the possibility of inconsistent results, and compromise the public interest in judicial economy. *See Parklane*, 439 U.S. at 326; *Hardison v. Alexander*, 655 F.2d 1281, 1288 (D.C. Cir. 1981). We believe these competing concerns can best be addressed by considering five factors in a test similar to that used by the Ninth Circuit in *Irwin v. Mascott*, 370 F.3d 924, 930 (2004). Like the Ninth Circuit, we believe identity of interests and adequate representation are necessary conditions. We do not, however, believe they are sufficient — a point to which our sister circuit did not speak. We therefore require in addition a showing of at least one of the other factors the Ninth Circuit identified as supporting virtual representation: a close relationship between the present party and his putative representative, or substantial participation by the present party in the first case, or tactical maneuvering on the part of the present party to avoid preclusion by the prior judgment. As this approach clarifies, there can be no virtual representation absent an affirmative link between the later litigant and either the prior party or the prior case. Decisions finding virtual representation have often applied the factors we adopt today, *see* 18A WRIGHT ET AL., *supra*, § 4457 at 521-28 (collecting cases), and the

parties generally agree they are appropriate factors to consider.[*]

In determining whether Herrick served as Taylor's virtual representative, we base our conclusion upon the relevant circumstances as of the time summary judgment was entered. *See, e.g.*, *Catrett v. Johns-Manville Sales Corp.*, 826 F.2d 33, 37 (D.C. Cir. 1987).

1.  Identity of Interests

Taylor seeks the same result as did Herrick, namely, release of the F-45 documents. To establish the identity of their interests, however, it is necessary to show not just that they wanted the same result but also that Herrick had substantially the same incentive to achieve it. *See Chase Manhattan Bank, N.A. v. Celotex Corp.*, 56 F.3d 343, 346 (2d Cir. 1995). A party who is less than zealous in pursuing his case is not an effective representative of a more committed party in a successive suit. *See Cleveland County Ass'n for Gov't by the People v. Cleveland County Bd. of Comm'rs*, 142 F.3d 468, 474 (D.C. Cir. 1998). Here, the evidence is that Herrick and Taylor had substantially the same incentive. Taylor concedes he shares Herrick's interest in the preservation of antique aircraft as a general matter. Taylor also admitted, in his request for discovery, that Herrick had asked him to assist with the restoration of Herrick's F-45. Although the district court erred

---

[*] The FAA contends that because Taylor did not argue against use of the *Tyus* factors in the district court, but argued only that Herrick should not be considered his virtual representative pursuant to those factors, he has forfeited his present argument that the *Tyus* test is overly broad. Taylor's objections to the district court's interpretation of the record in light of *Tyus*, however, carry over to the extent we consider several of those same factors pursuant to the variant of *Irwin* we adopt today.

in stating at summary judgment that Taylor had agreed to help restore the aircraft, there was still evidence that Herrick and Taylor had the same motivation to obtain the documents, viz., the restoration of Herrick's F-45. In the absence of any contrary evidence, *see, e.g.*, *Bias v. Advantage Intern., Inc.*, 905 F.2d 1558, 1561 (D.C. Cir. 1990) ("Once the moving party has carried its burden ... [t]he nonmoving party 'must come forward with specific facts showing that there is a *genuine issue for trial*.'" (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)) (internal quotation mark omitted)), such as an opposing affidavit, the district court correctly found their interests were identical.

Taylor points out that he alleged in his opposition to summary judgment that he sought "the information for the public and in the interest of the preservation of antique aircraft heritage"; contends the admission that Herrick had asked him to help restore Herrick's aircraft was an erroneous statement made by his counsel; and claims he did not need to file an affidavit correcting the error because neither the FAA nor Fairchild had identified Herrick's supposed request as an undisputed material fact. Taylor's statement in his motion for discovery, however, may be treated as an "admission[] on file," FED. R. CIV. P. 56(c); *see also Gospel Missions of Am. v. City of Los Angeles*, 328 F.3d 548, 557 (9th Cir. 2003) (representation in brief may be treated as admission on file); *United States v. One Heckler-Koch Rifle*, 629 F.2d 1250, 1253 (7th Cir. 1980); 10A WRIGHT ET AL., *supra* § 2722 at 375-76, § 2723 at 389-91 (3d ed. 1998); and Fairchild's motion for summary judgment did identify that statement as evidence of a close relationship between Taylor and Herrick. Taylor therefore had notice of its potential use by the district court, yet made no effort to correct the error until after

the court had entered judgment against him.[*] Taylor responds that a statement in a memorandum of law should not be treated as evidence, citing *Orson, Inc. v. Miramax Film Corp.*, 79 F.3d 1358, 1372 (3d Cir. 1996), but that case involved a factual assertion by the plaintiff offered in support of his claim, *id.*, and thus is relevantly different from the statement against interest at issue here. *Cf. Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 734 (D.C. Cir. 2003) (pleadings are "admissible as evidence in support of ... opponent's cause").

In any event, the distinction Taylor draws between his interest in the preservation of antique aircraft and Herrick's is not helpful to his cause. Herrick's specific interest in the restoration of his F-45 gave him, if anything, a stronger incentive to litigate than Taylor's general interest in public disclosure and the "preservation of antique aircraft heritage."

2. Adequate Representation

Following the Eighth Circuit in *Tyus*, the district court analyzed whether Taylor's interest had been adequately represented in *Herrick* in terms of Herrick's incentive to litigate, which we have treated above as part of the identity of interests analysis. Finding adequate representation based solely upon incentives would be insufficiently protective of the nonparty's right to due process. *See Richards*, 517 U.S. at 801; *Tyus*, 93 F.3d at 458-59 (Henley, J., concurring in result); 18A WRIGHT

---

[*] Furthermore, Taylor's post-summary judgment affidavit does not actually correct the statement made in the admission; it only states that he had no agreement with Herrick to restore his F-45, not that Herrick had not asked for his assistance. This is perhaps understandable given the district court's erroneous statement that there was an agreement, but one would think Taylor would have taken care at that point to disavow as much of a relationship with Herrick as he could do.

ET AL., *supra*, § 4457 at 548-49; *cf. Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1054 (9th Cir. 2005) (adequate representation aspect of *Irwin* test "subsumes *Richards*'s due process requirements").

Notice is ordinarily a key element of due process, *see, e.g.*, *Richards*, 517 U.S. at 799-800, but it is neither a sufficient nor a necessary condition of adequate representation. To deem notice sufficient would in effect transform permissive into mandatory intervention in judicial proceedings, a step the Supreme Court rejected in *Wilks*. 490 U.S. at 762-63; *see also S. Cent. Bell*, 526 U.S. at 168. On the other hand, were notice deemed necessary to virtual representation — a question pointedly left open in *Richards*, 517 U.S. at 801 — a close associate of the prior party, with identical interests, could relitigate a claim that was zealously but unsuccessfully tried to judgment and that, even if he had received notice of and intervened in the prior case, would have proceeded in the same way.[*]

To be sure, an opportunity to participate in the first case is valuable, and is part of the reason we conclude virtual representation requires, in addition to an identity of interests and adequate representation, some tie to the prior case or the prior party. But unlike the First and Seventh Circuits, which have treated notice as necessary for a finding of virtual representation, *see Perez v. Volvo Car Corp.*, 247 F.3d 303, 312 (1st Cir. 2001);

---

[*] Indeed, even if intervention by that close associate might have changed the strategy or tactics of counsel in the first case, that does not necessarily demonstrate the representation was inadequate. *Cf. Strickland v. Washington*, 466 U.S. 668, 688-90 (1984) ("There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way.").

*Tice*, 162 F.3d at 973; *cf. Headwaters*, 399 F.3d at 1055 (reversing sua sponte dismissal as a res judicata and remanding for determination of facts relevant to privity, noting in part "there is no way to determine whether the adequate representation/due process requirements ... were met here. We do not know whether Headwaters had notice of the earlier suits while they were pending."), and like the Eighth Circuit in *Niere v. St. Louis County*, 305 F.3d 834, 837-38 (2002) (determining plaintiffs, under Missouri law, had been virtually represented in prior state court action of which they had no notice), we see no reason to treat notice as anything more or less than an important consideration.

The district court concluded Taylor apparently had notice of Herrick's litigation based primarily upon their shared interest in antique aircraft, their common membership in the AAA, their use of the same lawyer for their respective cases, Herrick's sharing with Taylor the information he obtained through discovery, and his request that Taylor assist in the restoration of his F-45.[*] As Taylor and the amicus note, however, these facts do not show that Taylor had notice of Herrick's lawsuit while it was ongoing.[**] We turn to other indicia, therefore, to determine

---

[*] To be precise, the district court concluded from these facts that Taylor had apparently acquiesced in being bound by Herrick's litigation, but consent necessarily entails notice.

[**] Taylor and the amicus also note that even if Taylor had notice of Herrick's litigation, he could not have joined it because he had not yet filed a FOIA request for and been denied the F-45 documents. Taylor's not yet having sought the documents, however, is equally consistent with his having decided independently to seek the same information under the FOIA and his having cooperated with Herrick to give themselves a second chance if the first challenge failed. The latter scenario would be indicative of virtual representation but on this record we can draw no inference as to which more likely occurred.

whether Taylor was adequately represented by Herrick.

First, Herrick had an incentive to litigate zealously and his motives were substantially similar to and seemingly even stronger than, Taylor's. Although not dispositive for the reason given before, it is eminently reasonable to believe an individual with a strong incentive to litigate a particular matter, by defending his own interest adequately represents others with the same interest. Second, Herrick and Taylor used the same attorney to pursue their FOIA claims. Although use of the same counsel in itself is hardly dispositive, *see S. Cent. Bell*, 526 U.S. at 167-68, in combination with an identity of interest it is surely relevant, *see, e.g.*, *Irwin*, 370 F.3d at 931; *see also Ruiz v. Comm'r of Dep't of Transp. of the City of New York*, 858 F.2d 898, 903 (2d Cir. 1988), because, unless explained away by some unusual circumstance, it strongly suggests satisfaction with the attorney's performance in the prior case. We therefore conclude that, in Taylor's own view, counsel provided adequate representation of Herrick, and by extension, of Taylor himself, in Herrick's case. *See Irwin*, 370 F.3d at 391.[*]

3. Close Relationship

Taylor acknowledges he and Herrick know each other, have a common interest in the preservation of antique aircraft, and belong to many of the same aviation associations. In his view, however, a close association for res judicata purposes is a relationship like that between family members or business partners — the examples we mentioned in *Ethnic Employees of the Library of Congress v. Boorstin*, 751 F.2d 1405, 1411 n.8

---

[*] The affidavit Taylor submitted with his motion for reconsideration to explain his choice of counsel, *see* p. 5 above, because it was submitted after the entry of summary judgment, is not part of the res judicata determination in this case.

(1985).  Amicus Public Citizen relatedly posits the relationship must be one such that Herrick would have understood he was representing Taylor in the first lawsuit or would have "made a special effort to represent Taylor's interests."  *See, e.g.*, *Martin*, 407 F.3d at 651-52; *Becherer v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 193 F.3d 415, 424 (6th Cir. 1999) (en banc); *Pollard v. Cockrell*, 578 F.2d 1002, 1008-09 (5th Cir. 1978).

Unlike the courts just cited, we do not believe that only a legal relationship may qualify as a "close relationship." Whether two individuals have sufficiently close connections that one may act as the virtual representative of the other is a functional, not a formal question.  *See Chase*, 56 F.3d at 346. This is a case in point.  Contrary to Taylor's argument, the record before us indicates Herrick and Taylor were not merely people who happened to share a common interest and membership in the same organizations, but knew each other quite well:  Herrick asked Taylor to assist him in restoring his F-45, provided information to Taylor that Herrick had obtained through discovery, and at summary judgment Taylor did not oppose Fairchild's characterization of Herrick as his "close associate."  Taylor argues he did not do so because he assumed the phrase meant only that "they know each other and belong to many of [the] same aviation associations" and because he did not understand it to "imply [they] were close associates *prior* to Taylor's FOIA request."  In fact, however, both the Government and Fairchild invoked Taylor's close relationship to Herrick as evidence indicative of privity; Taylor therefore knew the point of Fairchild's characterization, yet his only response was to say "mere common membership does not create power in on[e] member to represent others."  In light of these facts, and the complete lack of any evidence submitted by Taylor in opposition, we conclude Taylor and Herrick were in a "close relationship" for the purpose of determining whether Herrick was Taylor's virtual representative in the prior litigation.

4.  Tactical Maneuvering

Tactical maneuvering by the second litigant, which in this context means conduct "designed unfairly ... to obtain multiple bites of the litigatory apple," *Gonzalez*, 27 F.3d at 761, is indicative of virtual representation. Amicus Public Citizen alone appears to take issue with any consideration of such maneuvering, saying, "it puts the cart before the horse to base privity on a finding of tactical maneuvering ...[;] Taylor can only be found to have engaged in improper maneuvering if he was *already* in privity with Herrick." At least some forms of tactical maneuvering, however, are probative of collusion or otherwise indicative of privity and therefore should be considered a factor supporting virtual representation. *See, e.g.*, *Tyus*, 93 F.3d at 457 (plaintiffs in ongoing suit filing second suit and adding several new plaintiffs considered tactical maneuvering); *Pedrina v. Chun*, 97 F.3d 1296, 1299, 1302 (9th Cir. 1996) (certain plaintiffs in federal court, having brought and lost state court action over same transaction, held virtual representatives of newly-added plaintiffs).

In this case, Taylor filed his FOIA request for the F-45 documents almost immediately after the Tenth Circuit decided *Herrick* and, in filing his administrative appeal with the FAA three months later, Taylor used information Herrick had obtained through discovery in that case. Taylor's filing on the heels of a court decision affirming the government's position with the assistance of the losing party to the prior litigation suggests Herrick and Taylor coordinated the filing of Taylor's request — and the litigation that would almost certainly follow — so that Taylor could try where Herrick had failed, to the benefit of both. As Taylor correctly notes, however, these facts do not necessarily show collusion to avoid the preclusive effects of *Herrick*; for example, Taylor could have read about *Herrick*

and acted on his own to file an identical FOIA request, and passing along documents obtained through discovery is something Herrick might have done even for someone with whom he was not in cahoots. In view of the ambiguity of the facts, and because we do not need to determine whether they count as tactical maneuvering, we do not do so.

To review the bidding, there is record evidence that: (1) Taylor and Herrick had identical interests, even when viewed in terms of incentives, and (2) Taylor's interest was adequately represented in *Herrick*, in addition to which (3) Herrick and Taylor had a close working relationship relative to these successive cases. There is no countervailing evidence. We therefore conclude Herrick served as Taylor's virtual representative in the litigation for the F-45 documents.

Taylor complains that finding virtual representation upon these facts effectively bars anyone from bringing a legal challenge to the issue specifically left open in *Herrick*; a later plaintiff would have to "prove he is a total stranger to Mr. Herrick and Mr. Taylor and has no 'interest' in the documents." Relatedly, Taylor and Public Citizen suggest it is particularly inappropriate to find virtual representation in a FOIA case because every individual has the right to receive nonexempt government information regardless whether another person previously requested and was denied the same information. Moveover, because many filers of FOIA requests are reporters, public interest organizations, and academics, who are likely to associate with others having similar interests, the purpose of the FOIA would be disserved if those filers were precluded by res judicata from making successive requests. *Cf. United States Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 771 (1989) ("the identity of the requesting party has no bearing on the merits of his or her FOIA request").

The facts of this case simply do not implicate those concerns, however.  The record here, as we have noted, contains evidence suggestive of identical interests, adequate representation, and a close relationship and no evidence to the contrary.  Matters might look different if Taylor had submitted evidence before summary judgment explaining, for example, why their common counsel's representation of Herrick did not adequately represent Taylor's interests, or demonstrating Taylor's relationship with Herrick was in fact nothing more than a shared interest in antique aircraft and membership in the same organizations, or showing that Herrick had not suggested or offered to assist with Taylor's claim for the same documents.  He did not do so, however, with the result that the record supports finding Herrick and Taylor in privity.

B.  Judgment on the Merits

For the purpose of claim preclusion, a final judgment on the merits "is one that actually pass[es] directly on the substance of [a particular] claim before the court," *Semtek Intern. Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 501-02 (2001) (alteration in original) (internal quotation marks omitted), as distinguished from one that addresses "mere matters of practice, procedure, jurisdiction, or form."  *Harper Plastics, Inc. v. Amoco Chemicals Corp.*, 657 F.2d 939, 943 (7th Cir. 1981) (quoting *Fairmont Aluminum Co. v. Comm'r*, 222 F.2d 622, 625 (4th Cir. (1955)).  A final judgment on the merits of a claim precludes "relitigating issues that were or could have been raised in [the prior] action."  *Allen*, 449 U.S. at 94.

In *Herrick* the court ruled upon the plaintiff's legal right to the documents he sought under the FOIA, 298 F.3d at 1194-95; the court's judgment, therefore, is a final judgment on the merits.  Taylor argues it is not because the court assumed without deciding two issues necessary to the judgment, namely,

that (1) Fairchild could restore trade secret status to the documents at issue by revoking its permission to disclose them; and (2) Fairchild had in fact revoked its permission. We fail to see why this matters. The Tenth Circuit clearly decided Herrick's legal right to the F-45 documents. If *Herrick* is not a final judgment on the merits, then Herrick himself could relitigate the case, a risible proposition. *See, e.g.*, *Allen*, 449 U.S. at 94.

## C. Same Cause of Action

Taylor's claim is the same as Herrick's claim for the purpose of res judicata if they share a common "nucleus of facts." *See Apotex, Inc. v. FDA*, 393 F.3d 210, 217 (D.C. Cir. 2004); *Drake*, 291 F.3d at 66. The key factors in making this determination are "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Apotex*, 393 F.3d at 217.

Herrick and Taylor requested the same documents from the same government agency and got the same negative response. Taylor nonetheless argues the factual backdrop of his claim differs from that of Herrick's claim because his FOIA request and challenge came after *Herrick* was decided and was based upon the Tenth Circuit's holding "that Exemption 4 has not applied to the subject documents since 1955." Putting aside the question whether the court so "held," Taylor's point is that he had to make a different legal argument for disclosure, namely that the trade secret status of the documents he sought could not be restored, whereas Herrick had argued Fairchild was not the owner of the documents and therefore had no authority to revoke the letter that had authorized the government to disclose the F-45 documents to the public. As the Government and Fairchild

point out, however, a different legal theory does not by itself demonstrate a difference in the nucleus of facts. *See Apotex*, 393 F.3d at 217-18. Indeed, in this case the relevant facts are identical to those in *Herrick*.

In his reply brief, Taylor suggests for the first time that the nucleus of facts in the two cases may be different because the records maintained in the requested file may have changed since Herrick made his request. *See Negley v. FBI*, 169 Fed. Appx. 591, 594 (D.C. Cir. Jan. 17, 2006) ("FOIA does not limit a party to a single request, and because the records maintained by an FBI office may change over time, a renewal of a previous request inevitably raises new factual questions"). An argument first made in a reply brief is ordinarily deemed forfeit, *see Sitka Sound Seafoods, Inc. v. NLRB*, 206 F.3d 1175, 1181 (D.C. Cir. 2000), and we have no reason to depart from that rule in the present case. *Cf. Natural Res. Def. Council, Inc. v. EPA*, 25 F.3d 1063, 1072 n.4 (D.C. Cir. 1994) (exception "properly granted only for arguments questioning the court's jurisdiction ... or where a 'manifest injustice' might result from ... failure to reach an argument").

## III. Conclusion

For a party to be deemed the "virtual representative" of a party to a later suit making the same claim, the two parties must have the same interests and those interests must have been adequately represented in the first litigation. In addition, there must be a close relationship between the two, or the new party must have participated substantially in the prior litigation or engaged in tactical maneuvering to avoid the preclusive effects of the first decision.

In this case the record before the district court at summary judgment indicated Herrick and Taylor had identical interests in

obtaining the F-45 documents, which interests were adequately represented in Herrick's litigation; and they were close associates.  The district court therefore did not err in holding the two were in privity.

Taylor has raised the same claim as had Herrick, and the Tenth Circuit's decision in Herrick's case was clearly a final judgment on the merits.  The requirements for res judicata are therefore satisfied, and the decision of the district court is accordingly

*Affirmed.*