**Rolf ROSENDAHL, Appellant**

v.

**Jeremiah Jay NIXON, Governor of the States of Missouri, In his Official only, et al., Appellees.**

No. 09–7088.

United States Court of Appeals, District of Columbia Circuit.

Jan. 14, 2010.

Rehearing En Banc Denied March 29, 2010.

Rolf Rosendahl, Independence, MO, pro se.

BEFORE: GINSBURG, BROWN, and GRIFFITH, Circuit Judges.

### JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). Upon consideration of the foregoing and the motion for appointment of counsel and the request to file brief and appendix electronically, it is

**ORDERED** that the motion for appointment of counsel be denied. With the exception of defendants appealing or defending in criminal cases, appellants are not entitled to appointment of counsel when they have not demonstrated sufficient likelihood of success on the merits. It is

**FURTHER ORDERED** that the request to file brief and appendix electronically be dismissed as moot, because appellant filed paper copies of his brief. It is

**FURTHER ORDERED AND ADJUDGED** that the district court's order filed July 29, 2009, be affirmed, albeit on grounds different from those relied upon by district court. *See Jenkins v. Washington Convention Center,* 236 F.3d 6, 8 n. 3 (D.C.Cir.2001) (and cases cited therein). Because "a judgment on the merits in a prior suit bars a second suit involving the same parties ... based on the same cause of action," *Taylor v. Blakey,* 490 F.3d 965, 969 (D.C.Cir.2007) (internal citation omitted), and because appellant acknowledges in his complaint and his appellate brief that he has filed the same action against the same parties in several courts, appellant's complaint was properly dismissed. The doctrines of claim and issue preclusion "bar relitigation both of 'issues that were' and of issues that 'could have been raised' in the prior action." *Id.* (quoting *Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980)); *see generally NRDC v. EPA,* 513 F.3d 257, 260 (D.C.Cir.2008) (standards for claim preclusion); *Yamaha Corp. of America v. U.S.,* 961 F.2d 245, 254 (D.C.Cir.1992) (standards for issue preclusion). This court may raise the res judicata preclusion defense sua sponte. *See Arizona v. California,* 530 U.S. 392, 412–13, 120 S.Ct. 2304, 147 L.Ed.2d 374 (2000); *Brown v. D.C.,* 514 F.3d 1279, 1285–86 (D.C.Cir.2008).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.